Oliver C. BUSCHOW, Appellant,

v.

ANTHONY IZZO COMPANY, Inc., Appellee.

No. 14772.

United States Court of Appeals District of Columbia Circuit.

Argued April 20, 1959.

Decided May 7, 1959.

1. Mason v. Rock Creek Plaza, Inc., 164 F.Supp. 269 (D.D.C.1958), to which reference is made for the pertinent facts.

Mr. Martin E. Gerel, Washington, D. C., with whom Mr. Lee C. Ashcraft, Washington, D. C., was on the brief, for appellant.

Mr. John Flather Ellis, Washington, D. C., with whom Mr. E. Willard Hyde, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and BAZELON and BASTIAN, Circuit Judges.

## PER CURIAM.

Plaintiff (appellant), an employee of Heron Todd Steel Construction Company, sued the defendant (appellee) for injuries allegedly caused by the negligence of the defendant. Both Heron Todd and Anthony Izzo Company, the defendant, were subcontractors on a construction project of which Magazine Brothers Construction Company was the general contractor. Plaintiff was fully covered and protected under the provisions of the Virginia Workmen's Compensation Act.

On motion of the defendant the suit was dismissed on the ground that under the Compensation Act of the State of Virginia and by virtue of the provisions thereof,[1] plaintiff's sole and exclusive remedy was against his direct employer (Heron Todd Steel Construction Company) and his statutory employer, for compensation and medical expenses as provided under that Act, and that Magazine Brothers Construction Company was, at the time of plaintiff's injury, the statutory employer of plaintiff.

We find no error. See Rea v. Ford, 198 Va. 712, 96 S.E.2d 92 (1957); Doane v. E. I. DuPont de Nemours & Co., 209 F.2d 921 (4th Cir. 1954); Feitig v. Chalkley, 185 Va. 96, 38 S.E.2d 73 (1946). Kramer v. Kramer, 199 Va. 409, 100 S.E.2d 37 (1957), is not to the contrary.

Affirmed.

---

1. Code of Virginia, 1950, Title 65, sections 5, 26–29, 37, 38, 99. The Virginia workmen's compensation law is substantially different, on the point at issue, from the District of Columbia law.