**UTICA MUTUAL INSURANCE COMPANY, a corporation, to its own use and to the use of Robert L. Burton, Jr., Appellant,**

**v.**

**POTOMAC IRON WORKS, INC., a corporation, and George Hyman Construction Company, a corporation, Appellees.**

**No. 16308.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 27, 1961.

Decided Feb. 23, 1962.

Mr. Justin L. Edgerton, Washington, D. C., with whom Messrs. R. Harrison Pledger, Jr., Charles E. Pledger, Jr., and John F. Mahoney, Jr., Washington, D. C., were on the brief, for appellant.

Mr. James C. Gregg, Washington, D. C., with whom Mr. Hugh Lynch, Jr., Washington, D. C., was on the brief, for appellee Potomac Iron Works, Inc.

Mr. David N. Webster, Washington, D. C., with whom Mr. Paul R. Connolly, Jr., Washington, D. C., was on the brief, for appellee George Hyman Construc-

---

21. Though an appellee, and before the court, Seidel has filed no brief here.

22. Fortier v. Hobby, 105 U.S.App.D.C. 6, 262 F.2d 924 (1959).

tion Company. Mr. Jeremiah C. Collins, Washington, D. C., also entered an appearance for appellee George Hyman Construction Company.

Before PRETTYMAN, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court sustaining appellees' (defendants) motions to dismiss appellant's (plaintiff) complaint. The complaint was filed by Utica Mutual Insurance Company (Utica), insurance carrier of Horner Elevator Company, "to its own use and to the use of Robert L. Burton, Jr."

While working on a construction job in Virginia for his employer Horner Elevator Company, subcontractor, whose principal place of business is located in the District of Columbia, Burton, a resident of Maryland, was injured in the line of his employment. Despite the fact that the injury occurred in Virginia, he applied for and received compensation under the District of Columbia Workmen's Compensation Act,[1] as permitted by that Act. § 36–501 D.C.Code (1951).

Utica thereupon filed this suit for subrogated compensation payments and for additional compensation payments to become due to Burton, and for injuries arising out of the accident asserted on behalf of Burton against defendants, George Hyman Construction Company, the general contractor, and Potomac Iron Works, Inc., another subcontractor on the job. Judgment was claimed in the amount of $50,000.00 for Utica and $150,000.00 for Burton. Defendants' motions to dismiss were then filed and granted. Whereupon this appeal followed.

■ We have heretofore held on a number of occasions, e. g., Boland v. Love, 95 U.S.App.D.C. 337, 222 F.2d 27 (1955), that the law of the place of injury determines the rights and liabilities of parties to an injury. We have also held that under the Compensation Act of the State of Virginia[2] and by virtue of the provisions thereof "plaintiff's sole and exclusive remedy [is] against his direct employer * * * and his statutory employer, for compensation and medical expenses as provided under that Act." Buschow v. Anthony Izzo Co., infra. As George Hyman Construction Company was Burton's statutory employer under the Virginia law at the time of the injury and had complied with Virginia law by taking out insurance covering all employees at the job site, the present action may not be maintained against that defendant, and the same reasoning applies as to the subcontractor Potomac Iron Works, Inc. See Buschow v. Anthony Izzo Co., 105 U.S.App.D.C. 291, 266 F.2d 695 (1959); Jonathan Woodner Co. v. Mather, 93 U.S.App.D.C. 234, 210 F.2d 868 (1954). See also Anderson v. Thorington Construction Company, 201 Va. 266, 110 S.E2d 396 (1951).

The subject matter of the dispute is a right of action for damages against a third party. Workmen's compensation acts deal with rights of action against employers; they provide for certain compensation to be paid, without litigation, by employers. But those statutes, generally speaking, do not affect the rights of injured employees against third parties; an injured employee is left to whatever right he has against a third party.

■ In the case before us the injured man is pursuing his right of action against third parties, who, he says, injured him. He is not seeking workmen's compensation; he is seeking damages in a lawsuit. His action is clearly a tort action. It is therefore governed by the law of the place of the injury. Plain-

---

1. The record discloses that at the time of the injury Horner Elevator Company had in force a workmen's compensation policy issued by Utica, which fact was reported to the Industrial Commission of Virginia some time prior to the accident.

2. Code of Virginia, 1950, Title 65, sections 5, 26–29, 37, 38, 99.

75

tiff's difficulty is that under the law of the place of the injury he has no right of action against these third parties; a statute of the state forbids it, regarding the general contractor as an employer; judicial decisions of the state establish this subcontractor as a fellow employee. By no stretch of the imagination could this injured man bring a tort action in the District of Columbia under the D. C. Workmen's Compensation Act for damages for an injury which occurred in Virginia.

Affirmed.