PEARSON, TILLMAN, Judge.
The plaintiff, who is appellant here, appeals a summary final judgment for the defendant, J. M. Montgomery Roofing Co., Inc. The sole question presented is whether the trial court erred in holding that plaintiff was barred from recovery by §§ 440.10 and 440.11, Fla.Stat., F.S.A.
The cited sections of the Workmen’s Compensation Law provide in effect that where the general contractor has secured payment of compensation to an employee of a subcontractor, either directly or indirectly through such subcontractor, the employee’s remedy under the Workmen’s Compensation Law is exclusive as regards all parties engaged in the same contract work under *148 the general contractor. Miami Roofing & Sheet Metal Co. v. Kindt, Fla.1950, 48 So.2d 840. The plaintiff received compensation under a policy issued in favor of the Mackle Company. He was injured by an employee of Montgomery Roofing who was performing construction work on the same job at which plaintiff was working.
There is no doubt that Mackle was designated the general contractor and that plaintiff’s employer, Montgomery Roofing, was operating under a contract with Mackle to perform a part of the construction process. Plaintiff-appellant urges that Mackle was not a true general contractor because General Development Corporation, the ostensible owner, reserved in its contract with Mackle the right to let subcontracts for work and materials. The contract between General and Mackle was a “cost-plus contract” and provided that Mackle would procure bids for work and materials and therefore actually determine who would be subcontractors, but that General would pay subcontractors directly.
The provisions mentioned are not sufficient to show that General controlled or supervised the building operation; therefore, appellant’s reliance upon Jones v. Florida Power Corp., Fla.1954, 72 So.2d 285 is misplaced.
Affirmed.