198 So.2d 25 (1967)
Willie CARTER, Appellant,
v.
SIMS CRANE SERVICE, INC., a Florida Corporation, Appellee.
No. 35136.
Supreme Court of Florida.
April 12, 1967.
Rehearing Denied May 12, 1967.
J. Bert Grandoff, Jr., of Hardee, Ott & Hamilton, Tampa, and Arthur Larson, Durham, N.C., for appellant.
John W. Boult and Fowler, White, Gillen, Humkey & Trenam, Tampa, for appellee.
DREW, Justice.
This appeal controverts a summary judgment entered in the circuit court for the appellee, defendant in a negligence action, construing constitutional provisions detailed *26 below and sustaining the validity of F.S. Sections 440.10, 440.11, F.S.A.[1]
The stipulated facts were that Willie Carter, the plaintiff, was an employee of Frank O. Smith, a subcontractor, and the defendant, Sims Crane Service, Inc., was another subcontractor on the same construction job. Both subcontractors were working under subcontracts with Hungerford Construction Company, which was the general contractor, at the time the plaintiff suffered his injury due to the alleged negligence of the defendant subcontractor, Sims Crane Service, Inc. The record indicates no controversy over the providing of compensation benefits for the injury in question.
On the basis of previous decisions[2] the court entered summary judgment for defendant because of immunity under the provision of Sec. 440.11, supra, that "[t]he liability of an employer prescribed in Sec. 440.10 shall be exclusive and in place of all other liability of such employer to the employee * * *."
Appellant contends first that the court in the cases of Miami Roofing & Sheet Metal v. Kindt and Younger v. Giller Contracting Co.,[3] erred in holding that a subcontractor in this situation is not "some person other than the employer" and is not a "third person" against whom an action for damages may be maintained.[4] Upon reconsideration of the language of the act and the reasoning of the cited cases, we find no ground for departure from that precedent. The provision, Sec. 440.10, supra, that all employees on such contract *27 work "shall be deemed to be employed in one and the same business" is most reasonably construed to make statutory fellow servants of all of the employees engaged in a common enterprise under the general contractor as statutory employer. We cannot agree, either, that this result collides with the principle that immunity is based on liability for compensation. Frantz v. McBee Company.[5]
The ruling in the McBee case was that an employee of a subcontractor was a third party tortfeasor subject to civil suit by an employee of the same subcontractor. The opinion does not expressly or by implication alter the rule of the earlier cases, cited above, that a subcontractor employer is not a third party in relation to employees of other subcontractors engaged in the common enterprise, but instead shares the general contractor's immunity from suit by any employee on the job. The Court in McBee simply refused to accord controlling effect to dictum in Younger v. Giller Contracting Co.[6] stating that fellow employees under the act "were never to be considered inter se third parties as to each other," and held such employees were third parties as to each other because "There is, of course, no liability on the part of an employee to secure compensation for a coemployee. And since there is no liability under the Act, there is no immunity from suit under the Act."[7]
It does not follow, however, that a subcontractor employer of such a fellow employee is a third party under the act, or that immunity must be limited to the general contractor upon whom the act places the primary and direct liability for compensation. Related provisions of the law, such as Sec. 440.39, supra, contain no definition requiring or permitting classification of the appellee in this cause as a third party tortfeasor. The common employment doctrine embodied in Sec. 440.10, supra, was given thorough consideration in our earlier opinion, supra, concluding that in the case of subcontractors under a general contractor the statute creates a single statutory employer to provide uniform compensation coverage for "all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work," and to abrogate the employers' common law liability toward such employees upon compliance with the act. The effect of the statutory language is to make a contractor and his subcontractors a joint or common employer whose compensation liability, according to Sec. 440.11, supra, is "exclusive and in place of all other liability of such employer to the employee" upon compliance with the conditions of the act. This provision alone serves to distinguish between employer immunity under the act and the problem of employee liability treated in McBee.
Sec. 440.10 of the statute, as above noted, identifies the general contractor together with his subcontractors as a common employer whose liability for compensation may be met by either party. Even when benefits are provided for all employees, including subcontractors' employees, by the general contractor it seems clear that he does so as the statutory common employer in behalf of all employers involved in the contract work. In accordance with the decisions, then, it is the liability for compensation under the act, and compliance therewith, which gives immunity to subcontractor as well as general. Immunity of a subcontractor in this situation is in fact based upon his sharing the burdens of the act, either directly by the assumption of coverage for some of the employees on the job or indirectly because of the effect of compensation liabilities upon the terms of his subcontract and relations with the general *28 contractor. This statutory and factual relationship between the contractor-employers, regardless of which bears the primary or direct liability under the act, is not in our opinion a purely fictional basis upon which to rest immunity. The observation in the McBee opinion that immunity is commensurate with liability does not preclude application of the common employment doctrine in this case, and the word "commensurate" in the context of this problem must, in any event, infer only a requirement that immunity be based upon or reasonably related to such liability.
Upon the same reasoning we find no substance to appellant's contentions that there exist no factual distinctions between the appellee subcontractors and third party tortfeasors, and that deprivation of the common law remedy against such subcontractor therefore violates the constitutional due process clauses, the requirement of equal protection of the laws based on legitimate classification, and the provision for a remedy against any injury.[8] We think the frequency with which similar immunity is accorded under other compensation statutes, and the opinions construing them as properly based on joint control of the common enterprise, lend support to our conclusion here.[9]
Affirmed.
THORNAL, C.J., and THOMAS, O'CONNELL and CALDWELL, JJ., concur.
ROBERTS and ERVIN, JJ., dissent.
NOTES
[1] Art. V, Sec. 4, Fla. Const., F.S.A.

F.S. Sec. 440.10, F.S.A.:
"Liability for compensation (1) Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payments to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment."
F.S. Sec. 440.11, F.S.A.:
"Exclusiveness of liability The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, * * * on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter an injured employee * * * may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."
[2] Younger v. Giller Contracting Company, 1940, 143 Fla. 335, 196 So. 690; Miami Roofing and Sheet Metal v. Kindt, Fla. 1950, 48 So.2d 840; Smith v. Poston Equipment Rentals, Fla.App., 3d Dist. 1958, 105 So.2d 578; Michaels v. United States Fidelity & Guaranty Co., Fla.App., 2d Dist. 1961, 129 So.2d 427; Street v. Safway Steel Scaffold Co., Fla.App., 1st Dist. 1962, 148 So.2d 38; May v. J.M. Montgomery Roofing, 3d Dist. 1963, 158 So.2d 147 and Gross v. Rudy's Stone Co., 2d Dist. 1965, 179 So.2d 603. See also decisions cited Sec. 3.6, Alpert's Florida Workmen's Compensation Law.
[3] Ibid.
[4] Sec. 440.39:

"Compensation for injuries where third persons are liable (1) If an employee, subject to the provisions of the Florida workmen's compensation law is injured or killed in the course of his employment by the negligence or wrongful act of a third party tort-feasor, such injured employee, or in the case of his death his dependents, may accept compensation benefits under the provisions of this law, and at the same time such injured employee, his dependents or personal representatives may pursue his remedy by action at law or otherwise against such third party tort-feasor."
[5] Fla. 1955, 77 So.2d 796.
[6] Note 2, supra.
[7] 77 So.2d 796, 799.
[8] Secs. 1, 4, 14, Decl. of Rights, Florida Const., F.S.A.; Sec. 1, Amendment XIV, U.S.Const.
[9] Turnage v. Northern Virginia Steel Corp., 336 F.2d 837 (CA 4, 1964); Doane v. E.I. DuPont De Nemours & Co., 209 F.2d 921 (CA 4, 1954); Utica Mutual Insurance Co. v. Potomac Ironworks, Inc., 112 U.S.App.D.C. 141, 300 F.2d 733 (1962); Anderson v. Thorington Const. Co., 201 Va. 266, 110 S.E.2d 396 (1959); Buschow v. Anthony Izzo Company, 105 U.S.App.D.C. 291, 266 F.2d 695 (1959); Dresser v. New Hampshire Structural Steel Co., 296 Mass. 97, 4 N.E.2d 1012 (1936); McPadden v. W.J. Halloran & Co., 338 Mass. 189, 154 N.E.2d 582 (1958); Claussen v. Ireland, 216 Or. 289, 338 P.2d 676 (1959); Hadeed v. Wilamette Hi-Grade Concrete Co., 238 Or. 513, 395 P.2d 553 (1964) and Shoemaker v. Johnson, 241 Or. 511, 407 P.2d 257 (1965).