407 So.2d 910 (1981)
Ronald MOTCHKAVITZ, et Ux., Petitioners,
v.
L.C. BOGGS INDUSTRIES, INC., et al., Respondents.
ZUCKERMAN-VERNON CORPORATION, Etc., Petitioners,
v.
Ronald MOTCHKAVITZ, et Ux., L.C. Boggs Industries, Inc., et al., Respondents.
Nos. 59421, 59422.
Supreme Court of Florida.
December 10, 1981.
*911 Beckham, McAliley & Proenza, and Joel D. Eaton of Podhurst, Orseck & Parks, Miami, for petitioners, Ronald Motchkavitz and Joan Motchkavitz.
Richard A. Herman of Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy, Miami, for petitioners, Zuckerman-Vernon Corp.
Robert P. Kelly of Pyszka & Kessler, Fort Lauderdale, for respondent, L.C. Boggs Industries, Inc.
BOYD, Justice.
This cause is before the Court for review of a decision of the district court of appeal, Motchkavitz v. L.C. Boggs Industries, Inc., 384 So.2d 259 (Fla. 4th DCA 1980), which the court certified as having passed upon a question of great public importance. The court also certified that its decision is in conflict with C & S Crane Service, Inc. v. Negron, 287 So.2d 108 (Fla.3d DCA 1973), cert. denied, 296 So.2d 49 (Fla. 1974). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In 1972, Zuckerman-Vernon Corporation was constructing an apartment project, not for another but for itself for subsequent sale by it in the form of condominium apartments.
Zuckerman-Vernon engaged May Plumbing Company to perform the plumbing work. May Plumbing contracted with L.C. Boggs Industries, Inc., for the performance of part of the work, the installation of catch basins in the project's drainage system.
Ronald Motchkavitz was an employee of May Plumbing Company. He was injured in the course of his employment and received worker's compensation benefits from his employer's insurance carrier. He then brought the present action alleging that his injuries were caused by the negligence of Theodore Faber, an employee of Boggs Industries. He sued Zuckerman-Vernon, Boggs Industries, and Faber.
Boggs Industries moved for summary judgment on the ground that it was immune from suit by virtue of the "exclusive remedy" provisions of the worker's compensation law. The trial court granted summary judgment and Motchkavitz appealed. Zuckerman-Vernon also appealed the judgment in favor of its co-defendant, based upon its adverse effect on Zuckerman-Vernon's right to contribution in case a judgment were eventually rendered against Zuckerman-Vernon.
The district court of appeal affirmed, holding that sections 440.10 and 440.11, Florida Statutes (1971), precluded an action to recover for injuries sustained on the job by the employee of a contractor against his employer's subcontractor. The district court framed the certified question as follows:
Can the employee of a "contractor," having received workmen's compensation benefits from his employer, sue his employer's subcontractor for damages arising *912 out of the negligence of the latter's employee?
Section 440.10(1), Florida Statutes (1971), requires every employer brought within the provisions of chapter 440 to secure the payment of compensation to its employees as provided for by the statute. Where a contractor sublets part of his work to a subcontractor, the subcontractor's employees are deemed employees of the contractor for purposes of the statutorily required coverage and liability. "[T]he contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment." § 440.10(1), Fla. Stat. (1971).[1]
Section 440.11(1) provides that the liability of an employer as prescribed in section 440.10(1) "shall be exclusive and in place of all other liability of such employer to any third party tortfeasor and to the employee" and to any others damaged by the injury or death. The statute also provides that when an employer fails to secure payment of compensation as required, the injured employee or his representative may elect to claim statutory compensation or to maintain an action at law or in admiralty for damages on account of the injury or death.[2]
Section 440.10 establishes the concept of "statutory employer" for contractors who sublet part of their work to others. Section 440.11 provides that the liability established in section 440.10 is "exclusive." The effect of section 440.10 is that where a subcontractor performing part of the work of a contractor fails to secure payment of compensation, the contractor is liable for same. If both subcontractor and contractor fail to secure coverage, then the contractor has an employer's liability to the subcontractor's injured employee for purposes of an action for statutory benefits or damages at law or in admiralty. Thus even when a subcontractor agrees to secure coverage for its employees, a prudent contractor will prepare for or insure against its contingent liability as "statutory employer" in case the subcontractor fails to do so.
The exclusiveness of liability provided for by section 440.11 extends to an employer's "liability" as defined in section *913 440.10. Thus a contractor who sublets part of its work to a subcontractor, being liable to secure coverage for employees of its subcontractor, is also immune from suit by such employees when such coverage has been secured. It is the liability to secure coverage for such employees in the event the subcontractor does not do so that immunizes a contractor from suit by such employees. Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954).
It was long ago held that the immunity of a contractor from suit by an employee of its subcontractor is reciprocal: a subcontractor is also immune from suit for damages by an employee of the contractor. In Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690 (1940), it was held that an employee of a contractor could not maintain an action against a subcontractor for injuries caused by the negligence of the subcontractor's employees because statutory benefits were the exclusive remedy. The Court reasoned that the statute created a "common employer" concept. It was unfair, the Court said, to hold that where two men were working shoulder to shoulder in a common enterprise, one of them, if injured, would have no remedy but the statutory benefits while the other might also have a right of action against some third party tortfeasor.
The question in Younger was whether the subcontractor whose employee caused the injury was a third party or "person other than the employer" as statutorily defined. The Court said:
The intention of the legislature ... was to abrogate the common law to the extent of making all of the employees engaged in a common enterprise statutory fellow-servants. They were never to be considered inter se third parties as to each other or to the immediate contractual employers. All workers engaged in such common enterprise were brought within the protection of the Workmen's Compensation Act where they might obtain equal benefits as provided by the act without the necessity of resorting to a common-law action to accomplish this result. We cannot garner any other meaning from the statute except that the employees of the sub-contractor and the general contractor were to be on an equal footing.
Id. at 341, 196 So. at 693.
The same rule has been applied to hold that an employee of a subcontractor, having received benefits as provided in the act, may not proceed against another subcontractor for negligence when both subcontractors are performing work on the same project for the same contractor. Miami Roofing & Sheet Metal Co. v. Kindt, 48 So.2d 840 (Fla. 1950).
Petitioner contends that the statement in Jones v. Florida Power Corp., that immunity from suit is contingent upon and commensurate with liability to secure coverage, has undercut the rule of Younger and Miami Roofing. In neither of those cases could it be said, petitioner argues, that immunity was commensurate with liability since the immunized subcontractors were not liable for securing the coverage that provided the benefits for the injured workers.
We find this argument to be without merit. A subcontractor is statutorily recognized as a common employer along with the contractor even though it is not liable for securing coverage for the employees of the contractor and the other subcontractors. Carter v. Sims Crane Service, Inc., 198 So.2d 25 (Fla. 1967). In Carter, it was held that an employee of a subcontractor could not proceed against another subcontractor for causing him injury where both subcontractors worked on the same project for the same contractor. Adhering to the rationale that "it is the liability for compensation under the act, and compliance therewith, which gives immunity" both to contractors and subcontractors, the court nevertheless reasoned:
Immunity of a subcontractor in this situation is in fact based upon his sharing the burdens of the act, either directly by the assumption of coverage for some of the employees on the job or indirectly because *914 of the effect of compensation liabilities upon the terms of his subcontract and relations with the general contractor.
Id. at 27-28. Jones did not overrule Younger.
Motchkavitz also argues that his case is distinguishable from Younger in that he, unlike the claimant there, was employed by an "independent" rather than a "general" contractor. He cites C & S Crane Service, Inc. v. Negron, 287 So.2d 108 (Fla.3d DCA 1973), cert. denied, 296 So.2d 49 (Fla. 1974), in support of this argument. In light of the above-discussed principles, it is clear that C & S Crane Service, Inc. v. Negron was wrongly decided. The statute does not make the distinction argued for, but speaks only of "contractors." A contractor is one under a contractual obligation to perform some work for another. State ex rel. Auchter Co. v. Lukie, 145 So.2d 239 (Fla. 1st DCA), cert. denied, 148 So.2d 278 (Fla. 1962). We therefore reject petitioner's contention.
Petitioner also contends that chapter 74-197, Laws of Florida, overruled the Younger-Carter rationale of reciprocal immunity in the statutory common employment situation. This amendment to section 440.10 disclaimed the intent to make subcontractors liable for securing coverage for each others' employees, and correspondingly abrogated their immunity from suit by each others' employees. Thus the amendment did not explictly deal with the situation presented in Younger and in the present case, although it seems to have overruled Miami Roofing. Whatever effect the amendment may have had on the Younger doctrine, however, it does not apply to this case, since all of the operative facts transpired before the enactment of chapter 74-197. Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977).
Petitioner's employer, May Plumbing, was a contractor under an obligation to perform work for Zuckerman-Vernon Corporation. May Plumbing sublet part of the work to L.C. Boggs Industries. May Plumbing was liable for compensation benefits to, and immune from suit by, injured employees of its subcontractor L.C. Boggs. Therefore Boggs was also immune from suit by Motchkavitz, an employee of the primary contractor. Accordingly, we answer the certified question in the negative and approve the decision of the district court of appeal.
It is so ordered.
OVERTON, ALDERMAN and McDONALD, JJ., concur.
SUNDBERG, C.J., dissents with an opinion, with which ADKINS, J., concurs.
SUNDBERG, Chief Justice, dissenting.
Since the result reached by the majority, in my mind, is neither compelled by sections 440.10-.11, Florida Statutes (1971), nor supported in logic under the circumstances of a case such as this, I would recede from Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690 (1940), and Miami Roofing & Sheet Metal Co. v. Kindt, 48 So.2d 840 (Fla. 1950). Professor Larson, the preeminent authority on the law of Workmen's Compensation, has been particularly critical of Florida's "common-employment" metaphor as being out of the mainstream of the law on this subject.[*] I agree with Professor Larson. Hence, I must respectfully dissent.
ADKINS, J., concurs.
NOTES
[1] 440.10 Liability for compensation. 

(1) Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
(2) Compensation shall be payable irrespective of fault as a cause for the injury, except as provided in § 440.09(3).
[2] 440.11 Exclusiveness of liability. 

(1) The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to any third party tortfeasor and to the employee, his dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee.
(2) An employer's workmen's compensation carrier, service agent, or safety consultant shall not be liable as a third party tortfeasor for assisting the employer in carrying out the employer's rights and responsibilities under this chapter by furnishing any safety inspection, safety consultive service, or other safety service incidental to the workmen's compensation or employers' liability coverage or to the workmen's compensation or employer's liability servicing contract. The exclusion from liability under this subsection shall not apply in any case in which injury or death is proximately caused by the willful and unprovoked physical aggression, or by the negligent operation of a motor vehicle, by employees, officers, or directors of the employer's workmen's compensation carrier, service agent, or safety consultant.
[*] 2A Larson, The Law of Workmen's Compensation, § 72.33 (1976).