COWART, Judge.
This case involves a sub-subcontractor’s immunity under workers’ compensation from suit for alleged negligence resulting in the death of an employee of the subcontractor contracting with such sub-subcontractor.
Vaneo, a general contractor, contracted with Suncrete to erect and finish tilt-up concrete walls. Suncrete, the subcontractor, contracted with appellee Sims Crane Service to lift the wall panels into place.[1] Sims Crane Service sent a crane and an employee-operator, appellee Robert Simmons, to the job site where, it is alleged, Robert Simmons negligently operated the crane and caused a panel to fall, killing Jacob W. Theisen, an employee of Suncrete. Appellant, as personal representative of the estate of the deceased employee, sued ap-pellees Sims Crane Service and Robert Simmons and others for negligence, the third amended complaint alleging that Sims Crane Service was a subcontractor to Van-eo, the general contractor, or that Sims Crane Service was an independent contractor. Appellee Sims Crane Service and Robert Simmons pleaded the affirmative defense of immunity under workers’ compensation statutes, §§ 440.10(1), 440.11(1), Florida Statutes (1977). The estate of the deceased employee appeals from a final summary judgment in favor of Sims Crane based on its affirmative defense. We affirm. ,
The appellant estate alleges that Sims Crane Service was a subcontractor to Vaneo and claims that Sims Crane Service and its employee Robert Simmons have no immunity under these statutes by virtue of the 1974 amendment (ch. 74-197, Laws of Florida) which added the last sentence to section 440.10(1), Florida Statutes, as follows:
A subcontractor is not liable for the payment of compensation to the employees of another subcontractor on such contract work and is not protected by the exclusiveness of liability provisions of s. 440.11 from action at law or in admiralty on account of injury of such employee of another subcontractor.
Under this statute as amended, a sub-subcontractor is still immune from suit by or on behalf of injured employees of its subcontractor because a subcontractor, such as Suncrete, has the status of a contractor as to its sub-subcontractors, like Sims Crane Service. Such subcontractors are thus still responsible for workers’ compensation coverage for employees of their sub-subcontractors on the job. Consequently, such subcontractors become statutory common employers of both their own employees (such as the decedent employee here) and of employees of their sub-subcontractors (such as the employee Robert Simmons) and, accordingly, both the subcontractor and the sub-subcontractor are immune from suit by their own injured employees or injured employees of the other. See Motchkavitz v. L. C. Boggs Industries, Inc., 407 So.2d 910 (Fla.1981); Chase v. Tenbroeck, 399 So.2d 57 (Fla. 3d DCA), review denied, 411 So.2d 380 (Fla.1981); McDonald v. Wilson Welding Works, Inc., 370 So.2d 863 (Fla. 1st DCA 1979).
Under general tort law the right of one hiring work done to direct and control a hired employee, and the lack of such di *664 rection and control over an “independent contractor,” is material and important with respect to the vicarious liability of the person for whom the work is done for injuries to third parties resulting from the negligence of such employees or independent contractors; nevertheless, with respect to statutory immunity under workers’ compensation for injuries to statutory employees, issues as to rights of direction and control or as to whether subcontractors or sub-subcontractors are “independent” from such direction and control, are not determinative, nor are they directly material to that inquiry. See Lingold v. Transamerica Insurance Company, 416 So.2d 1271 (Fla. 5th DCA 1982).
If, as appellant alleged, Sims Crane Service had been contracted with by Vaneo, the general contractor, to do work which was not part of the work that Suncrete had agreed with the contractor to do, then Sims Crane Service would have been a subcontractor to Vaneo, the same as Suncrete, the language added by the 1974 amendment to the statute, quoted above, would be applicable and the result in this case would be different. However, the evidence before the trial judge was undisputed that, not only were the services of Sims Crane Service part of the work to be done by Sun-crete under its contract with Vaneo, but also Sims Crane Service was contracted for by Suncrete, the subcontractor, and not by Vaneo, the general contractor; therefore, the summary judgment was proper and is
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. Sims Crane Service therefore became a sub-subcontractor to Suncrete because Sims was doing part of the work which Suncrete had agreed to do in its contract with Vaneo.