442 So.2d 953 (1983)
EMPLOYERS INSURANCE OF WAUSAU, et al., Petitioners,
v.
Stacey R. ABERNATHY, Respondent.
No. 63035.
Supreme Court of Florida.
December 15, 1983.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, and Jana V. Jay of Napier & Donovan, Naples, for petitioners.
Bruce D. Frankel of Goldberg, Rubinstein & Buckley, Fort Myers, for respondent.
Larry Klein, West Palm Beach, for The Academy of Florida Trial Lawyers, amicus curiae.
McDONALD, Justice.
In Abernathy v. Employers Insurance of Wausau, 428 So.2d 272, 276 (Fla. 2d DCA 1982), the second district asked the question:
CAN THE EMPLOYEE OF A "CONTRACTOR", HAVING RECEIVED WORKMAN'S COMPENSATION BENEFITS FROM HIS EMPLOYER, SUE HIS EMPLOYER'S SUBCONTRACTOR FOR DAMAGES ARISING OUT OF THE NEGLIGENCE OF THE LATTER'S EMPLOYEE?
We have jurisdiction pursuant to article V, section 3(b)(4) of the state constitution. We answer this question in the affirmative and approve the decision of the district court on this issue.
The opinion of the district court correctly recites our past holdings relative to immunity in this area of the law and we need not repeat them. Suffice it to say that the 1974 amendment to section 440.10, Florida Statutes, which authorizes suit by an employee of a subcontractor against another subcontractor for injuries occurring on a *954 common job, modifies the common employment premise of our earlier holdings such as Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690 (1940), and Carter v. Sims Crane Service, Inc., 198 So.2d 25 (Fla. 1967).
The justification for limiting liability or granting immunity is the substitution of something else in its place, a quid pro quo. The duty to provide workers' compensation benefits supplants tort liability to those injured on the job. Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954). If the duty to provide such coverage does not exist, then one has no reason to expect immunity from wrongdoings committed against a third party. The dissent of Chief Justice Sundberg in Motchkavitz v. L.C. Boggs Industries, Inc., 407 So.2d 910 (Fla. 1981), is now correct, and we recede from Younger and Miami Roofing & Sheet Metal Co. v. Kindt, 48 So.2d 840 (Fla. 1950), thus allowing a third-party action against one who has no duty to afford compensation benefits.
Because we are adopting the opinion and analysis of the Second District Court of Appeal on this issue, a further recitation of our reasons for modifying prior existing law is both duplicitous and unnecessary. The decision of the district court allowing Abernathy to maintain an action against Metropolitan Drywall Systems, Inc., and Allied Crane Service, Inc., is approved.
It is so ordered.
ADKINS, BOYD, OVERTON and SHAW, JJ., concur.
EHRLICH, J., concurs specially with an opinion.
ALDERMAN, C.J., dissents with an opinion.
EHRLICH, Justice, specially concurring.
While the 1974 amendment specifically addressed itself to a subcontractor and the employees of another subcontractor, I am of the opinion that it expressed the general legislative intent that where there is no responsibility for the payment of compensation, there is no immunity from suit.
I therefore concur.
ALDERMAN, Chief Justice, dissenting.
I would answer the question certified by the Second District in the negative and hold that an employee of a statutory general contractor, having received workers compensation benefits from his employer, cannot sue his employer's subcontractor for damages arising out of the negligence of the subcontractor's employees. Chapter 74-197 expressly abrogates the statutory immunity in suits by a subcontractor's employee against another subcontractor, but did not abrogate the statutory immunity in suits by employees of general contractors against subcontractors of the general contractor. The 1974 amendment added the following language to section 440.10:
A subcontractor is not liable for the payment of compensation to the employees of another subcontractor on such contract work and is not protected by the exclusiveness of liability provisions of s. 440.11 from action at law or in admiralty on account of injury of such employee of another subcontractor.
This change amounted to a minor, specifically limited addition to the statute. The amendment did not alter in any way the language of section 440.10 upon which this Court premised its decision in Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690 (1940). This provision continues to provide:
In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment... .
§ 440.10, Fla. Stat. (1981).
If the legislature intends to change longstanding legal precedents and to change completely the construction placed on a statute, it must do so in unmistakable language. State ex rel. Housing Authority *955 of Plant City v. Kirk, 231 So.2d 522 (Fla. 1970). Had the legislature intended that the statute be amended as interpreted by the Second District in the present case, it would have been a simple matter to incorporate language reflecting such intent. We should not imply such an amendment to this statute.