COWART, Judge.
This case involves a motion under Florida Rule of Civil Procedure 1.540(b), for relief from a final judgment on the ground that a subsequent appellate decision in an unrelated case changed the rule of law upon which the final judgment was based.
Appellant, the personal representative of a deceased employee with worker’s compensation benefits, sued the employer’s subcontractor based on negligence of the subcontractor’s employee causing the death of the employee. This court affirmed the trial court ruling that the worker’s compensation law barred the action. See Theisen v. Simmons, 419 So.2d 662 (Fla. 5th DCA 1982). Later, in a completely unrelated case, the Florida Supreme Court apparently adopted a contrary view. See Employers Insurance of Wausau v. Abernathy, 442 So.2d 953 (Fla.1983). Based on Abernathy, appellant moved the trial court under Florida Rule of Civil Procedure 1.540(b) for relief from the prior judgment in Theisen and appeals a denial of its motion. We affirm.
The original judgment in Theisen became final when the time for rehearing and cer-tiorari review in that case expired and passed beyond the authority of this court to reconsider after expiration of the term in which it was rendered in this court.[1] The doctrine of res judicata bars appellant’s relief from the judgment in Theisen. See Plymouth Citrus Products Co-Op. v. Williamson, 71 So.2d 162 (Fla.1954); Southern Bell Telephone and Telegraph Company v. Roper, 438 So.2d 1046 (Fla. 3d DCA 1983).
After a judgment has become truly final, a change in the applicable rule of law resulting from a later appellate decision in an unrelated case is not a ground for relief from the prior final judgment under Florida Rule of Civil Procedure 1.540(b). See Plymouth Citrus Products Co-Op. v. Williamson, supra; American Fire and Casualty Company v. Dawson, 400 So.2d 849 (Fla. 2d DCA 1981); Ellis National Bank of Tallahassee v. Davis, 379 So.2d 1310 (Fla. 1st DCA 1980). See also Penthouse North Association v. Lombardi, 461 So.2d 1350 (Fla.1984). Cf. Brunner Enterprises, *436 Inc. v. Department of Revenue, 452 So.2d 550 (Fla.1984), where the cause was still pending as to the parties and issue and the appellate court had jurisdiction and authority to modify the law of that very case.
AFFIRMED.
COBB, C.J., and ORFINGER, J., concur.

. See State Farm Mutual Automobile Insurance Co. v. Judges of the District Court of Appeal, Fifth District, 405 So.2d 980 (Fla.1981); Orange Federal Savings and Loan Association v. Dykes, 444 So.2d 1152 (Fla. 5th DCA 1984).