[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 23, 2011
JOHN LEY
CLERK

No. 11-11459
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cv-00228-LC-EMT

CCB, LLC,
A Florida Limited Liability Company,
CHARLES B. BARNIV,
CYNTHIA BARNIV,
BRUCE G. WITKIND,

Plaintiffs - Appellants,

versus

BANKTRUST,
An Alabama Banking Corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 23, 2011)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

CCB, LLC, Charles and Cynthia Barniv, and Bruce Witkind appeal a judgment to stay their civil action against BankTrust. The district court stayed the action in deference to a state court action involving the same parties and the same financial transaction. CCB, the Barnivs, and Witkind argue that the district court abused its discretion when it stayed the case after weighing the six factors identified by the Supreme Court in Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 818–19, 96 S. Ct. 1236, 1247 (1976). We affirm.

CCB purchased real property by obtaining a mortgage from BankTrust that was secured by guarantees from the Barnivs and Witkind. CCB defaulted on the loan and, in August 2009, BankTrust filed in a Florida court an action to foreclose on the property and to obtain judgments against CCB, the Barnivs, and Witkind. CCB, the Barnivs, and Witkind answered that they had been induced fraudulently to obtain the loan, and they filed an action in the district court repeating their allegations that they had been defrauded by BankTrust and alleging that BankTrust had violated federal and state racketeering and lending laws.

The district court did not abuse its discretion by staying the later action. The district court could stay the later action against BankTrust pending the outcome of the earlier action filed by BankTrust because both actions involved

substantially the same parties, property, and issues.  See Moorer v. Demopolis Waterworks and Sewer Bd., 374 F.3d 994, 997–98 (11th Cir. 2004).  The district court evaluated the factors identified in Colorado River and reasonably determined that the progress of the proceedings in state court, the predominance of state law issues, and the likelihood of piecemeal litigation weighed in favor of abstaining until the earlier action filed by BankTrust is resolved in state court.  We cannot say that the district court clearly erred in balancing those factors or that the stay will "result in a substantial injustice" to CCB, the Barnivs, or Witkind.  Moorer, 374 F.3d at 997.

We **AFFIRM** the stay of the action against BankTrust.