[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12756
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00228-LC-EMT

CCB, LLC,
A Florida Limited Liability Company,
CHARLES B. BARNIV,
CYNTHIA BARNIV,
BRUCE G. WITKIND,

                                                            Plaintiffs-Appellants,

versus

BANKTRUST,
An Alabama Banking Corporation,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 4, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

CCB, LLC, Charles and Cynthia Barniv, and Bruce Witkind appeal the dismissal with prejudice of their complaint against BankTrust. BankTrust moved to dismiss the complaint after it obtained a decision in its favor from a Florida court that involved the same parties and the same financial transaction, and the district court granted the motion based on res judicata. But CCB, the Barnivs, and Witkind argue that the decision of the Florida court, which is pending on appeal, is not a final judgment. Because the decision of the Florida court is not final under Florida law, that decision does not bar the complaint that CCB, the Barnivs, and Witkind filed in the district court. We vacate the order that dismissed the complaint filed by CCB, the Barnivs, and Witkind, and we remand for the district court to reinstate their complaint.

CCB obtained a loan from BankTrust that was secured with guarantees from the Barnivs and Witkind. After CCB defaulted on the loan, BankTrust filed in a Florida court an action to foreclose on property purchased by CCB and to obtain judgments against CCB, the Barnivs, and Witkind. CCB, the Barnivs, and Witkind answered that they had been induced fraudulently to obtain the loan.

CCB, the Barnivs, and Witkind filed a complaint in the district court that repeated their allegations about being defrauded by BankTrust. The district court stayed the action in deference to the ongoing proceedings in the Florida court. See Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 818–19, 96 S.

Ct. 1236, 1247 (1976). We affirmed. CCB, LLC, v. BankTrust, No. 11-11459 (11th Cir. Aug. 23, 2011).

The Florida court entered summary judgment in favor of BankTrust, and it moved the district court to lift its stay and dismiss the complaint of CCB with prejudice. BankTrust argued that it was entitled to dismissal of the complaint based on res judicata. CCB, the Barnivs, and Witkind responded that the Florida court refused to consider their evidence; failed to address their claims of fraud; and its decision was not final. The district court lifted its stay and ruled that the decision of the Florida court barred CCB, the Barnivs, and Witkind from re-litigating the same claims against BankTrust. The district court dismissed the complaint of CCB, the Barnivs, and Witkind with prejudice.

We review de novo a dismissal based on res judicata. Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1069 (11th Cir. 2013).

"Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). "In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court applies the rendering state's law of preclusion." Lozman, 713 F.3d at 1069 (quoting Cmty. State Bank v. Strong, 651 F.3d 1241, 1263 (11th Cir. 2011)).

3

Under Florida law, a judgment is final and has preclusive effect "when not reversed on appeal," Dep't of Health and Rehabilitative Servs. v. Prince, 601 So. 2d 588, 590 (Fla. Dist. Ct. App. 1992), or "when the time for rehearing and certiorari review in th[e] case expire[s]," Thiesen v. Old Republic Ins. Co., 468 So. 2d 434, 435 (Fla. Dist. Ct. App. 1985).

The district court erred when it dismissed the complaint of CCB based on res judicata. After the Florida court entered summary judgment against CCB, the Barnivs, and Witkind, they appealed. Their appeal was pending when the district court dismissed their complaint against BankTrust. Because the decision of the Florida court is not final, it does not bar the complaint that CCB, the Barnivs, and Witkind filed against BankTrust in the district court. See Thiesen, 468 So. 2d at 435.

We **VACATE** the dismissal of the complaint filed by CCB, the Barnivs, and Witkind, and we **REMAND** for the district court to reinstate their complaint.