PER CURIAM.
The Florida Department of Health and Rehabilitative Services (HRS) appeals a final summary judgment in favor of the ap-pellee, Michael J. Hatfield. We find that the trial court was correct in holding that HRS was not entitled to reimbursement of public assistance payments provided for the benefit of Hatfield’s two minor children and, accordingly, affirm. Our disposition of HRS’s appeal renders moot the questions raised by Hatfield on cross-appeal regarding the trial court’s dismissal of his counterclaim.
Hatfield and his wife had two minor children, and the record does not reveal that they were ever divorced or legally separated. In 1980, Hatfield began serving a term of imprisonment, and his wife applied for, and received, financial assistance under the Aid to Families with Dependent Children program (AFDC). See § 409.285, Fla.Stat. (1979); 42 U.S.C. §§ 601-615 (1980). HRS did not seek a court order to establish Hatfield’s obligations to provide child support during his incarceration because HRS’s investigation indicated that Hatfield did not have the financial ability to pay child support during that period. See § 409.2564, Fla.Stat. (1979).
On August 9, 1984, Hatfield’s wife can-celled the AFDC assistance because Hatfield became financially able to provide for the family through his participation in a prison work release program and subsequent employment upon his release from prison. At that time, HRS sought reimbursement of the AFDC benefits which had been provided to Hatfield’s children during his term of imprisonment. The amended petition filed by HRS alleged that pursuant to section 409.2561(1), Florida Statutes (1985), Hatfield was obligated to reimburse HRS a total amount of $7287.
Hatfield filed an answer containing affirmative defenses and counterclaims. Both parties moved for summary judgment and stipulated that during the period Hatfield's family had received AFDC assistance, HRS had not obtained an order establishing Hatfield’s child support obligation and Hatfield did not have the financial ability to provide for his children. The trial court granted a summary judgment in favor of Hatfield on the issue of reimburse *63 ment but dismissed his counterclaims with prejudice. This timely appeal followed.
HRS contends that the trial court erred in granting summary judgment for Hair field because section 409.2561(1) provides for the reimbursement of public assistance monies distributed on behalf of an absent responsible parent for the benefit of that parent’s minor dependent children without a prior court order establishing the parent’s obligation to provide child support. Although we agree that HRS has a right to obtain such reimbursement under proper circumstances, we find that such circumstances were not present in this case.
Section 409.2561 provides, in part (footnotes added):
(1) Any payment of public assistance[1] money made to, or for the benefit of, any dependent child creates an obligation in an amount equal to the amount of public assistance so paid. If there has been a prior court order or final judgment of dissolution of marriage establishing an obligation of support, the obligation is limited to the amount provided by such court order or decree ... If there is no prior court order establishing an obligation of support, the court shall establish the liability of the responsible parent, if any, for reimbursement of public assistance moneys paid.
[[Image here]]
(3) By accepting public assistance for, or on behalf of, a dependent child, ... the recipient is deemed to have made an assignment to the department of any right, title, and interest in any child support obligation owed to or for that child up to the amount of public assistance money paid for, or on behalf of, the dependent child. The recipient is also deemed to have appointed the department as his attorney in fact to act in his name, place, and stead to perform specific acts relating to child support, including but not limited to:
[[Image here]]
(c) Pursuing civil and criminal enforcement of support obligations.
[[Image here]]
(4) The department shall be subrogat-ed to the right of the dependent child or person having the care, custody, and control of the child to prosecute or maintain any support action or action to determine paternity or execute any legal, equitable, or administrative remedy existing under the laws of the state to obtain reimbursement of public assistance paid, being paid, or to be paid.
Thus, the plain language of section 409.-2561(1) does provide HRS with a means to obtain reimbursement of “public assistance” monies paid absent a prior court order establishing a support obligation. The amount of funds which HRS may obtain through reimbursement, however, is limited by sections 409.2561(3) and (4) which provide HRS with no greater remedy than that available to the recipients of the public assistance monies. See Lamm v. Chapman, 413 So.2d 749 (Fla.1982); Department of Health and Rehabilitative Services v. Thomas, 477 So.2d 1053 (Fla. 5th DCA 1985), petition for review denied, 488 So.2d 829 (Fla.1986).
Under the facts of this case, Hatfield’s wife and children could not have obtained support from Hatfield during his term of imprisonment because he was financially unable to provide for them during that period. See § 61.09, Fla.Stat. (1979). See also, Davis v. Davis, 371 So.2d 591 (Fla. 2d DCA 1979). Since HRS failed to establish that Hatfield’s wife and children had any legal ability to obtain financial support from Hatfield during the time they received AFDC benefits, HRS was not entitled to obtain any funds from Hatfield in the form of reimbursement as a subrogee to the rights of Hatfield’s wife and dependent children. See State ex rel. Dept. of Human Services v. Huffman, 332 S.E.2d 866 (W.Va.1985) (husband’s obligation to department for AFDC payments made to wife and children during his absence is *64 limited to amount he could have paid in support and maintenance).
We, accordingly, find that the trial court correctly granted summary judgment for Hatfield and affirm the trial court’s order.
Affirmed.
SCHEB, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.

. "Public assistance" is money assistance paid on the basis of Title IV-A and Title IV-E of the Social Security Act. § 409.2554(6), Fla.Stat. (1985). Title IV-A establishes the AFDC program. See 42 U.S.C. §§ 601-615.