520 So.2d 641 (1988)
Wanda Y. SAPP and the State of Florida, Department of Health and Rehabilitative Services, Appellants,
v.
Rickey DANIELS, Appellee.
Donna Y. SURRENCY and the State of Florida, Department of Health and Rehabilitative Services, Appellants,
v.
Nathan G. MATHIS, Appellee.
Cheryl J. NUTTER and the State of Florida, Department of Health and Rehabilitative Services, Appellants,
v.
Michael K. PLEAS, Appellee.
Nos. BS-357, BR-186 and BQ-339.
District Court of Appeal of Florida, First District.
February 16, 1988.
Joseph R. Boyd, Joseph A. Boyd, Jr., and William H. Branch of Boyd and Thompson, P.A.; and Chriss Walter of the Dept. of Health and Rehabilitative Services, Tallahassee, for appellants.
No Appearance for appellees.
ERVIN, Judge.
Appellants,[1] the custodial parents of certain children determined to be eligible for Aid to Families With Dependent Children (AFDC) benefits, contend that the lower court erred in directing them, jointly, with the noncustodial parents, to reimburse *642 the Department of Health and Rehabilitative Services (HRS) for public assistance monies received by appellants on behalf of their minor children, pursuant to Section 409.2561, Florida Statutes. We reverse, concluding that a custodial parent cannot be considered an "obligor" within the meaning of the amendment provided in Section 409.2554, Florida Statutes (Supp. 1986), or a responsible parent of the child owed a duty of support, as provided by Section 409.2554, Florida Statutes (1985). Therefore the custodial parent, once the child's eligibility for such benefits has been established, cannot be considered obligated to repay HRS for the amounts received.
Section 409.2561(1), Florida Statutes (1985), provides that any payment of public assistance made for the benefit of a dependent child creates an obligation on behalf of the responsible parent in an amount equal to the amount of public assistance paid. Subsection (3) further provides that once public assistance is accepted for a dependent child, the recipient "is also deemed to have appointed the department as his attorney in fact ... to perform specific acts relating to child support", including the institution of actions for the determination of paternity.
HRS filed a complaint to determine the paternity of each minor child in all of the cases on appeal. In Case No. BS-357, the appellee responded, admitting paternity; in Case Nos. BR-186 and BQ-339, neither of the two appellees answered, and defaults were entered against both. The court below, in consideration of HRS's motion to determine the full amount of the public assistance obligation owed to the state of Florida, ordered the custodial parent in Case No. BS-357 to pay $1,074.47 as her share of the money received, and in Cases BR-186 and BQ-339 held that the amount of the obligation was owed jointly and severally by both the custodial and noncustodial parents. We agree with appellants that the obligation orders were erroneous, because the applicable statutory provisions in question place such obligations solely upon the noncustodial parents.
Section 409.2554, Florida Statutes (Supp. 1986), providing the statutory definitions for the terms used in sections 409.2551-409.2597, defines an "obligor" as "a person who is responsible for making support payments pursuant to an alimony or child support order." Similarly, an "obligee" is defined as "the person to whom support payments are made pursuant to an alimony or child support order." These definitions, added by amendment in 1986, replaced the former term, "responsible parent". In employing these new statutory definitions, section 409.2561 now provides:
(1) Any payment of public assistance money made to, or for the benefit of, any dependent child creates an obligation in an amount equal to the amount of public assistance paid... . The obligor shall discharge the reimbursement obligation... . If there is no prior court order establishing an obligation of support, the court shall establish the liability of the obligor, if any, for reimbursement of public assistance moneys paid.

(emphasis supplied)
It is clear from the plain meaning of the above statute that the legislature intended for only the obligor, e.g., the noncustodial parent responsible for support payments, to reimburse the state for public assistance monies provided to the child. If the language of a statute is so plain and unambiguous, especially where the legislature provides statutory definitions that are to be used in the construction of the statute, the statutory definitions prevail, and a court is not authorized to depart from the plainly expressed language used by the legislature. See Holly v. Auld, 450 So.2d 217 (Fla. 1984); 49 Fla.Jur.2d Statutes §§ 121, 132 (1984).
It is questionable, however, whether the 1986 amendment to the definitional provisions of section 409.2554, effective October 1, 1986, see Chapter 86-220, Laws of Florida, is applicable to all cases now before this Court. We note that in Case No. BS-357, the final judgment of paternity was entered on February 21, 1984, establishing both the paternity of the child and an amount owed by the noncustodial parent, *643 the father, to the state as the public assistance support obligation, and the present order on appeal, filed on February 25, 1987, was issued following the state's later motion to determine the public assistance child support obligation and to direct disbursement of arrearage payments. Similarly, in Cases numbered BQ-339 and BR-186, the petitions to determine paternity were filed before the effective date of the amended statute, although the orders on review were filed after said date.
Nevertheless, even if the definitional provisions of Section 409.2554, Florida Statutes (1985), can be considered applicable to any of the cases on review, we would still conclude that reversal of the orders directing both the noncustodial and the custodial parents to reimburse HRS for public assistance monies received is required. In so saying, we concede, by examining only the definition provided in the 1985 statute, stating that a "responsible parent" is "the natural or adoptive parent of a dependent child, which parent owes a duty of support ...", that one can reasonably argue that the custodial parent may also, with the noncustodial parent, be responsible for public assistance reimbursement, as both parents owe a duty of support to their children. We will not presume, however, that the Florida Legislature, in implementing the AFDC provisions of the Social Security Act (42 U.S.C. §§ 601-615), deliberately pursued a course inconsistent with the Congressional purpose. It must be remembered that although each state is free to set its own monetary standard of need and level of benefits for an AFDC program, a state, in carrying out the terms of the federal Act, is not free to narrow federal standards that define categories of people eligible for aid, and that if a state elects to participate in an AFDC program, it must make assistance available to all persons who meet the criteria of the Act. See Quern v. Mandley, 436 U.S. 725, 98 S.Ct. 2068, 56 L.Ed.2d 658 (1978); Jefferson v. Hackney, 406 U.S. 535, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972); Tarver v. State, Department of Health and Rehabilitative Services, 371 So.2d 190, 192 (Fla. 4th DCA 1979).
Section 606(a) of Title 42 defines a dependent child as one who has been deprived of parental support or care by reason of the death, continued absence, or incapacity of a parent. In the present cases the children in question were determined to be eligible for AFDC benefits due to the continued absence of one of the children's two parents. The Act has been interpreted as requiring participating states to furnish aid to families with dependent children who have a parent absent from the home, if such families are in other respects deemed eligible for such aid. King v. Smith, 392 U.S. 309, 318, 88 S.Ct. 2128, 2134, 20 L.Ed.2d 1118, 1126 (1968). Once then a class has been accorded eligibility by federal standards, a state is not privileged to impose any additional restrictions upon such class. Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971). A principal purpose of the AFDC program, as stated in 42 U.S.C. § 601, is to help the parents or relatives of needy dependent children who live with and care for them "to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection... ."
In deciding whether a family is entitled to AFDC benefits, the state must first calculate on a statewide basis the standard of financial need, and next determine the amount of the grant by comparing the standard of need with the family's net income. See 42 U.S.C. § 602; 45 C.F.R. § 233.20. If, after making such comparison, the net income of the family is less than the standard of need, and other resources available to the family do not exceed applicable resource limits, the family's entitlement to AFDC benefits is then established. See Philbrook v. Glodgett, 421 U.S. 707, 715, 95 S.Ct. 1893, 1899, 44 L.Ed.2d 525, 533-34 (1975).
In the present case, there has been no showing that the children in question do not qualify for AFDC benefits. Nor is there anything in the records of the cases before us reflecting that the custodians of the children do not come within the class of *644 relatives, living in a residence maintained by such relatives, who are eligible to receive AFDC assistance on behalf of the children residing with them. See 42 U.S.C. § 606(a). In that the purpose of the AFDC program is "to provide financial assistance to needy dependent children and the parents or relatives who live with and care for them ...", Shea v. Vialpando, 416 U.S. 251, 253, 94 S.Ct. 1746, 1750, 40 L.Ed.2d 120, 125 (1974), any attempt by a state to pare down eligibility, once eligibility has been established pursuant to federal standards, must be held inconsistent with such standards and consequently invalid under the Supremacy Clause. Id.
We therefore conclude that the definitional terms of Section 409.2554, Florida Statutes (1985), cannot be considered to have been deliberately enacted inconsistently with the Congressional purpose: to "encourage the care of dependent children in their own homes or in the homes of relatives by enabling each state to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions in such state, to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life... ." 42 U.S.C. § 601 (emphasis supplied).
The trial court's orders below, by placing the obligation of reimbursement on the custodial parents with whom needy children reside, impermissibly pared down the eligibility of a class of persons who had previously been determined eligible for AFDC benefits pursuant to federal standards.
REVERSED and REMANDED for further consistent proceedings.
MILLS and NIMMONS, JJ., concur.
NOTES
[1] Cases numbered BS-357, BR-186 and BQ-339 were consolidated sua sponte by this court for review on appeal.