542 So.2d 1369 (1989)
STATE of Florida DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and Patricia D'Andrea, Appellants,
v.
Ronald D'ANDREA, Appellee.
No. 88-02643.
District Court of Appeal of Florida, Second District.
May 10, 1989.
*1370 Harold E. Barker of Carlton & Carlton, P.A., Lakeland, for appellants.
Michael H. Otis of Michael H. Otis, P.A., Tampa, for appellee.
THREADGILL, Judge.
Appellants, Department of Health and Rehabilitative Services (HRS) and Patricia D'Andrea, challenge the order of the trial court requiring both parents to jointly reimburse HRS for monies received by the wife for past public assistance for the parties' minor children. We reverse that part of the order requiring the wife, as the custodial parent, to repay HRS. We affirm the order in all other respects.
Ronald D'Andrea (husband) and Patricia D'Andrea (wife) were divorced in July, 1975. The final judgment of dissolution of marriage awarded custody of the three children to the wife and ordered the husband to pay child support. Subsequently, by order dated May 25, 1982, the husband received custody of two of the children, with the wife retaining custody of one. In addition, the order provided that neither party was required to pay child support to the other. This order has never been modified.
On March 7, 1988, HRS filed a petition for public assistance debt, suing the husband for $2,762.66, which HRS had paid to the wife from April, 1983 through August, 1987. The trial court entered an order finding that the husband and the wife were liable for one-half of the public assistance debt and ordered each to pay $1,381.33 in monthly installments.
HRS argues that the wife, being the custodial parent, should not be obligated to repay HRS for the amounts of Aid to Families with Dependent Children (AFDC) received on behalf of a minor child. We agree. Section 409.2561(4), Florida Statutes (1988 Supp.), expressly excludes the custodial parent from liability for reimbursement, and the wife thus cannot be required to reimburse HRS for the monies she received in this case. Sapp v. Daniels, 520 So.2d 641 (Fla. 1st DCA 1988).
HRS also contends the husband should be liable for the entire amount of public assistance debt because the husband is the "obligor" as defined by section 409.2554(6), Florida Statutes (1988 Supp.). We do not find the husband to meet the statutory definition of obligor as he was not under an order of support during the period for which HRS asks reimbursement.
Pursuant to section 409.2561(1), Florida Statutes (1988 Supp.), the trial court did have the authority to establish the husband's liability for the past assistance debt. Lamm v. Chapman, 413 So.2d 749 (Fla. 1982). HRS has not established *1371 any error by the court in the order requiring the husband to pay only one-half of the obligation. Accordingly, we reverse that portion of the final judgment ordering the wife to reimburse HRS. We affirm the judgment in all other respects.
Reversed in part, affirmed in part.
SCHEB, A.C.J., and PARKER, J., concur.