COWART, Judge.
After much prior litigation the court entered a final judgment, dated May 15,1990, setting aside all prior “final” judgments relating to the issues in question and in summary and effect, adjudicating (1) appel-lee, Marvin Morris Prince, to be the natural father and Barbara E. Johnson to be the natural mother of four minor children, M.M., T.S., K.K. and K.Q., (2) awarded primary physical residency and custody of M.M. and T.S. to the mother with secondary residency and visitation to the father, and awarded primary physical residency and custody of K.K. and K.Q. to the father with secondary residency and visitation to *589 the mother, and (3) expressly provided that in view of the division of the primary physical residency of the four children between the two parents, that neither parent was entitled to receive child support from the other.
Thereafter, apparently the mother failed to properly support M.M. and T.S. and HRS provided that support and then brought this action against the father under section 409.2561, Florida Statutes, as assignee of the support obligee. The trial court denied a recovery by HRS, adjudicating that in view of the court’s prior adjudication, the father was not an obligor,[1] after December 14, 1989,[2] as to the minor children M.M. and T.S., as to which two children the trial court had placed the total duty of support on the mother.[3]
HRS appeals and argues that under case law the father was obligated to reimburse HRS for monies paid for child support even when the parent’s obligation for support had not therefore been liquidated and established in a dollar amount by a court adjudication, citing Davis v. Swatts, 556 So.2d 467 (Fla. 1st DCA 1990).[4] However, Davis does not apply to the peculiar facts in this case.
This is not the ordinary case where a parent’s inchoate paternity obligation and responsibility has not yet been judicially established. Neither is this a normal case where, while there is no question as to paternity, the parental obligation has not been liquidated and quantified in dollar amount by a court adjudication, and in which there has been no affirmative adjudication that a particular parent has no obligation of providing support for a particular child at a particular time under particular circumstances. This is an unusual case where the trial judge, making a custody order dividing custody of four children between the two parents, went on to consider a practical resolution of the general legal duty of both of the two parents to contribute to the support of all four children and made an affirmative adjudication (an “equitable” distribution of the “marital” liability for child support) of the joint and several support obligations of both parents to the four children and allocated all of the support obligation for two specific children to one parent and all of the obligation to support the other two specific children to the other parent, affirmatively adjudicating, in effect, that the obligation of each parent to provide 100% of the support for half of the four children (being two specified children) was in total satisfaction of the prior joint and several general, undefined, unliquidated obligation of both parents to contribute support for all four children. There is no legal reason why a trial judge cannot make such a provision when it appears to the judge to be the best solution under the circumstances. Since the trial judge decided to divide the custody of the four children between the two parents, this was a superior, more fair and logical solution than the alternative of quantifying in dollars the total child support obligation of each parent to each child and ordering the father to pay money to the mother for the father’s share of the support obligation due from him for the two children in the mother’s custody, and likewise ordering the mother to pay money to the father for a support contribution for the two children in the father’s custody.
*590 The trial judge’s order as of December 14, 1989, which made this determination, was incorporated in and finalized by final judgment dated May 15, 1990. Neither order was appealed. The final judgment was originally presumptively correct[5] and when not reversed on appeal, became res judicata and became, and remains, binding on the mother, and her successors and assignees, until entry of a further order from a court of competent jurisdiction based on a substantial, material change of circumstances. That prior adjudication cannot be properly disregarded in a collateral action involving the same adjudicated subject matter, which is, the father’s current legal duty to pay child support for the two children in the mother’s custody.
Section 409.2561, Florida Statutes, in effect, subrogates HRS to the rights of the support obligee[6] when public assistance money payments have been made to, or for the benefit of, a dependent child. However, in this case, the prior trial court orders dividing, in kind, the support obligation for the four dependent children between the two parents left the mother with no obligation to support the two children, K.K. and K.Q., to whom the father was given the full duty of support and left the mother with the total obligation to provide support for the children M.M. and T.S. Therefore, as to M.M. and T.S., until the prior adjudication is properly modified by judicial action the trial judge was correct in adjudicating that the father was not an obligor and the mother was not an obligee, and that in the context of this case, HRS had no greater right than did the mother (HRS’s claimed support obligee) to obtain child support for M.M. and T.S. from the father.[7]
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.

. Within the meaning of section 409.2554(6), Florida Statutes.

. The effective date that the trial court had earlier terminated the father’s obligation to make monetary payments for the support for the minor children, M.M. and T.S.

. The trial court also relied on D.H.R.S. v. D'Andrea, 542 So.2d 1369 (Fla.1989). We do not find this case to be particularly relevant to the decisive facts and issues in this case.

. Cf. D.H.R.S. v. Brownlow, 557 So.2d 200 (Fla. 2d DCA 1990). The facts set forth in Brownlow are not clear but if in that case the father had a prior valid, binding affirmative adjudication that he was under no obligation to pay child support as to a particular child as to which HRS was seeking reimbursemen for public assistance monies paid, then we do not agree with that case. The stated rationale for the holding in that case was that the appellate court did not agree with the father’s argument.

. Since the trial judge’s judgment is presumed to be correct it would likewise be presumed that the trial judge considered and weighed any inequality in the parent’s ability to provide child support and found it was offset by a similar inequality in the needs of the children as divided between the parents.

. As defined in section 409.2554(5), Florida Statutes.

. Looking at it from another direction, if the prior final judgment is to be disregarded and the mother (and her subrogee, HRS) are not bound by it then the father is likewise not bound and is entitled to have HRS proceed under section 409.2561 (or section 409.2567, Florida Statutes), against the mother to enforce her obligation to contribute to the support of K.K. and K.Q., the two children that the father has supported under the judgment giving him their primary custody and requiring him to provide total support for them. The mother’s obligation to contribute support for the two children in the father’s custody would then offset the father’s obligation to contribute support for the two children in the mother’s custody.