BOOTH, Judge,
dissenting.
I respectfully dissent. The benefits were denied because the grandparents cared for the child in their home, rather than in appellant’s apartment. Appellee concedes that if Shannon’s grandparents had moved into the efficiency apartment and cared for the child in the apartment during her mother’s absence, the benefits would probably have been allowable even under its interpretation of Florida law. Appellee was unable to state any necessity or purpose for this distinction. It works an obvious hardship on a disadvantaged parent with a young child, since it requires procuring á live-in care-giver rather than simply having the child moved to the home of the caregiver.
The facts are not in dispute. Prior to her mother’s automobile accident, Shannon and her mother (appellant herein) lived in an efficiency apartment. After the accident, and while her mother was in the hospital, Shannon lived with the grandparents in the grandparents’ home. Shannon continued to attend the same school and kept most of her belongings at the family apartment. She was taken to the hospital to see her mother three times a week. It was understood that appellant would continue to make decisions about Shannon’s day-to-day activities and would exercise control over her daughter.
The sole basis for the denial of benefits was HRS’s finding that Shannon was not cared for in appellant’s home during appellant’s stay in the hospital. Fla.Admin.Code R. 10C-1.094.
The hearing officer affirmed HRS’s action, stating:
Ms. Liana was required to meet the AFDC eligibility requirements in order to be categorically eligible for three months retroactive medicaid benefits. Her absence from the home did not meet the temporary absence requirements, as the child was not cared for in the family home, during Ms. Liana’s absence from the home for medical care. Ms. Liana and her parents testified that the family home was the efficiency apartment. The child was cared for in the grandparents home during the mother’s absence therefore, this requirement was not met. [emphasis added]
The hearing officer found that appellant maintained primary decision-making responsibility for Shannon. On appeal, HRS does not dispute that appellant continued to exercise care and control over the child during her absence from the family home. These facts establish that a “family home” existed under federal rules and that appellant would be entitled to AFDC benefits under the federal “temporary absence” rule. 45 C.F.R. § 233.
AFDC benefits are designed to encourage “the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance.” 42 U.S.C. § 601 (1986). The Florida rule provides: “Temporary absences of the child or parent/relative of more than 30 days do not affect eligibility when ... [djuring a parent or relative’s absence, provision has been made for a responsible person to care for the child in the family home.” (emphasis added). Fla.Admin.Code Rule 10C-1.094.
The Florida rule purports to add a requirement, not found in federal law, to-wit: that the child remain in the family home *1377 during temporary absences of the parent/relative. The result of Florida’s rule is to narrow the class of persons otherwise eligible under federal law to receive AFDC benefits.
A state electing to participate in the AFDC program, must make assistance available to all persons meeting the criteria of the federal act. Sapp v. Daniels, 520 So.2d 641, 643 (Fla. 1st DCA 1988); Tarver v. Department of Health and Rehabilitative Services, 371 So.2d 190, 192 (Fla. 4th DCA 1979). Any attempt to impose restrictions, and thus deny benefits to any part of a federally-recognized class, must be struck down as inconsistent with federal law, and as invalid under the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, § 8, cl. 2; King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Tarver, supra, 371 So.2d at 192. I would reverse the denial of benefits.