THREADGILL, Judge.
The Florida Department of Health and Rehabilitative Services (H.R.S.) appeals a disposition in a final judgment of paternity which denied reimbursement to H.R.S. for public assistance monies paid on behalf of the appellee’s minor child before the determination of paternity. The trial court agreed with the appellee that he is not liable for such payments because he was not under a court order to pay support when the payments were made. We reverse.
H.R.S. and the mother of the minor child filed a complaint against the appellee to establish paternity, for support, and other relief. The appellee did not contest the allegations of paternity, but did deny his obligation for past public assistance monies in the amount of $1,864.00, paid by H.R.S. on behalf of his child. He argued that the definition of “obligor” under section 409.2554(6), Florida Statutes (Supp.1992), excludes him from liability for public assistance money paid before a child support order was entered against him. This argument, however, is not sustainable under the law.
On its face, the definition of “obligor,” as defined by section 409.2554(6), Florida Statutes (Supp.1992), supports the appellee’s position: “[ojbligor means a person who is responsible for making support payments pursuant to an alimony or child support order.” However, when read together with section 409.2561(1), Florida Statutes (1991), the phrase “child support order” expands to include an order entered after public assistance monies have been paid.
Section 409.2561(1), Florida Statutes (1991), provides:
(1) Any payment of public assistance money made to, or for the benefit of, any dependent child creates an obligation in an amount equal to the amount of public assistance paid. If there has been a prior court order or final judgment of dissolution of marriage establishing an obligation of support, the obligation is limited to the amount provided by such court order or decree_ If there is no prior court order establishing an obligation of support, the court shall establish the liability of the obligor, if any, for reimbursement of public assistance moneys paid_ [Emphasis added]
The appellee’s argument is also refuted by case law. In Lamm v. Chapman, 413 So.2d 749, 753 (Fla.1982), the supreme court held that “the acceptance of public assistance for the support of a dependent child vests in the department the authority to proceed with all remedies available to the child’s custodian. The state must have the power to ensure that the responsible parent, to the extent that he or she has the ability to pay, reimburse the state for public assistance moneys expended for the benefit of a dependent child and provide continuing reasonable child support.” The supreme court reiterated this holding in Gibson v. Bennett, 561 So.2d 565 (Fla.1990). We held in Department of Health and Rehabilitative Services v. Brownlow, 557 So.2d 200 (Fla. 2d DCA 1990), that it is not necessary that there be a pending child support order to recover public assistance moneys paid on behalf of a child. The First District addressed the issue at length and arrived at the same conclusion in Davis v. Swatts, 556 So.2d 467 (Fla. 1st DCA 1990).
We conclude, therefore, that “obli-gor” includes a person, who is not the recipient of public assistance money paid on behalf of his or her dependent child, whose support obligation is established after the debt accrues. We therefore reverse that part of the final judgment which relieves the appellee of liability for the $1,864.00, paid by the state on behalf of his child before the determination of paternity.
Reversed.
SCHOONOVER, A.C.J., and QUINCE, J., concur.