PER CURIAM.
The appellants, State of Florida Department of Health and Rehabilitative Services (HRS) and Teresa Diana Lopez (the mother), challenge the trial court’s final judgment of paternity and temporary current support. We reverse that portion of the final judgment finding that the appellee, Thomas Edward Spragg, was not liable for reimbursing HRS for public assistance monies paid on behalf of his minor child.
On July 22, 1993, the appellants filed a complaint against the appellee to establish paternity, child support, and other relief. At the hearing on those issues, the trial court found that the appellee was the biological father and therefore obligated to support the minor child. The trial court also heard testimony regarding a public assistance debt of $5,023.00 that was paid out in AFDC benefits by HRS to the mother for support of the parties’ child. With regard to the public assistance debt, the trial court found that the appellee was not an obligor as defined in chapter 409, Florida Statutes (1991), because the appellee had not been under an order of the court at any time pursuant to an alimony or child support order. The trial court also *149 found that since the appellee was not an obligor, the appellee had no liability to repay past public assistance monies that were paid on behalf of his minor child. The appellants filed a timely notice of appeal.
The appellants contend that the trial court erred in finding that the appellee was not an obligor under chapter 409, Florida Statutes (1991), because he was not under a support obligation at the time the public assistance monies were paid to the mother. We agree.
The term “obligor” is defined as “a person who is responsible for making support payments pursuant to an alimony or child support order.” § 409.2554(6), Fla.Stat. (1991). The appellee argues that the definition of “obligor” excludes him from liability for public assistance monies that were paid before the child support order was entered against him. However, when read together with section 409.2561(1), Florida Statutes (1991), the phrase “child support order” expands to include an order entered after public assistance monies have been paid. State, Dep’t of Health & Rehabilitative Servs, v. 636 So.2d 550 (Fla. 2d DCA 1994). Section 409.2561(1), Florida Statutes (1991), provides in pertinent part:
Any payment of public assistance money made to, or for the benefit of, any dependent child creates an obligation in an amount equal to the amount of public assistance paid. If there has been a prior court order or final judgment of dissolution of marriage establishing an obligation of support, the obligation is limited to the amount provided by such court order or decree.... If there is no prior court order establishing an obligation of support, the court shall establish the liability of the obligor, if any, for reimbursement of public assistance moneys paid....
(Emphasis added.) Therefore, as H.M.B. concluded, an “obligor” includes a person, who is not the recipient of public assistance money paid on behalf of his or her dependent child, whose support obligation is established after the debt accrues. Id. at 551; see also Department of Health & Rehabilitative Servs. v. Durah, 593 So.2d 585 (Fla. 5th DCA 1992).
We, accordingly, reverse that portion of the final judgment finding that the appellee was not liable for the $5,023.00 in public assistance paid by HRS to the mother on behalf of his minor child. On remand, the trial court must of course take into consideration the appellee’s financial ability when determining the amount he must pay for child support and for reimbursement of public assistance monies paid to the mother. See Davis v. Swatts, 556 So.2d 467 (Fla. 1st DCA 1990).
Reversed and remanded with instructions.
CAMPBELL, A.C.J., and SCHOONOVER and QUINCE, JJ., concur.