W. SHARP, Judge,
concurring specially.
I concur with Judge Peterson’s opinion in the case, but write simply to clarify the rationale, as I see it. The Department of Revenue has been subrogated to the rights of the support. obligee to the extent public assistance payments have been made to, or for the benefit of a dependent child. § 409.2561, Fla.Stat. (1993); Department of Health and Rehabilitative Services v. Prince, 601 So.2d 588 (Fla. 5th DCA 1992). With regard to those payments, it is not bound by any judgment to which it was not a party, nor any stipulation it did not join in. However, the amount of reimbursement to which the Department many claim is limited to the amount of support set in a prior court order or final order of dissolution which established a support obligation.[1] The obligor-parent is entitled to assert defenses against the Department which he or she may have against the obligee-parent. See State, Department of Health and Rehabilitative Services v. Hatfield, 522 So.2d 61 (Fla. 2d DCA 1988); Department of Health and Rehabilitative Services on behalf of Soles v. Thomas, 477 So.2d 1053 (Fla. 5th DCA 1985), rev. denied, 488 So.2d 829 (Fla.1986).

. § 409.2561(1), Fla.Stat. (1993).