ANTOON, Judge.
The Department of Revenue (DOR) appeals the final judgment of paternity entered against Daniel Nelson, arguing the trial court erred in striking the hearing officer’s recommendation that Mr. Nelson be ordered to reimburse DOR for public funds expended to support his three-year-old daughter Amber. We agree that error was committed and therefore reverse.
DOR filed this paternity action on behalf of Susan Kaufinan seeking to establish that Mr. Nelson is the father of Ms. Kauftnan’s *202 daughter Amber. The complaint sought an award of child support, as well as an order directing reimbursement of public funds paid by DOR to Ms. Kaufman for the support of Amber. A hearing officer conducted an evi-dentiary hearing and then prepared a recommended final judgment. The hearing officer determined that Mr. Nelson is Amber’s father and recommended that he be ordered to pay $56 per week in child support, as well as $8,577.66 in retroactive child support.
After reviewing the hearing officer’s recommended final judgment, the trial court entered a final judgment ratifying the recommendations as to paternity and child support, but striking, without explanation, the recommendation for payment of retroactive child support. DOR argues the trial court erred in striking this recommendation. We agree.
Florida’s policy regarding a financially able parent’s obligation to reimburse the state for public funds expended for the support of his or her child is clear:
Any payment of public assistance money made to, or for the benefit of, any dependent child creates an obligation in an amount equal to the amount of public assistance paid.... If there is no prior court order establishing an obligation of support, the court shall establish the liability of the obligor, if any, for reimbursement of public assistance moneys paid, by applying the child support guidelines in s. 61.30 for the public assistance period.
§ 409.2561(1), Fla. Stat. (1997). Here, no evidence was submitted indicating that Mr. Nelson was unable to pay support during the period of time when public funds were advanced to Ms. Kaufman for the support of Amber; therefore, Mr. Nelson is obligated to reimburse DOR for such funds. Cf. State, Department of Health & Rehabilitative Services v. Hatfield, 522 So.2d 61 (Fla. 2d DCA 1988). Furthermore, although the recommended final judgment did not specify what percentage of the $8,577.66 retroactive child support award constituted reimbursement of public funds, the transcript of the evidentiary hearing demonstrates that a portion of that amount was for reimbursement.
We are unable to determine why the trial court struck the reimbursement provision. The record before us indicates that the trial court did not take evidence after receiving the hearing officer’s recommended final judgment, and that the trial court struck the award of retroactive child support before the transcript of the evidentiary hearing was filed with the court. We recognize the trial court was disadvantaged by the hearing officer’s use of a prepared, recommended final judgment form because the form failed to specify which portion of the retroactive child support was designated as reimbursement of public funds. Perhaps this omission is the reason why the trial court struck the award of “retroactive child support” in its entirety. However, if this was the ease, instead of striking the award, the trial court should have either conducted further proceedings or referred the matter back to the hearing officer for further proceedings pursuant to rule 12.491(f) of the Florida’s Family Law Rules of Procedure.
In any event, since Mr. Nelson is legally obligated to reimburse DOR, and the evidence submitted at the evidentiary hearing supported the hearing officer’s recommendation that reimbursement should be made, the trial court erred by sua sponte striking the hearing officer’s recommendation that Mr. Nelson be ordered to reimburse DOR for public assistance funds paid to Ms. Kaufman for the support of their daughter. Accordingly, we reverse the trial court’s final judgment to the extent it deletes the recommendation that Mr. Nelson be ordered to pay retroactive child support and remand this matter to the trial court with instructions to enter an order approving the hearing officer’s recommended order in its entirety, to conduct further proceedings, or to refer the matter back to the hearing officer for further proceedings. See Fla. Fam. L.R.P. 12.491(f). In all other respects we affirm.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
GRIFFIN, C.J., and COBB J., concur.