PARKER, Chief Judge.
The Department of Revenue (DOR), on behalf of Latosha Arnold, appeals the trial court’s order terminating child support and ordering Arnold to pay the arrearages owed by Daumier Collins, the natural father. Because the trial court improperly considered matters not pleaded or noticed during the hearing on a contempt charge against Collins, we reverse.
In 1995, the trial court entered a final judgment of paternity, finding that Collins was the legal and natural father of a child whose natural mother was Arnold. The trial court ordered Collins to pay $33 per week in child support and an additional $7 per week toward an arrearage of $1988. The trial court ordered the payments to continue “until the children) reaches the age of majority, (unless the child(ren) are/is under the age of nineteen and still in high school with reasonable expectation of graduation, before the age of nineteen), marries, becomes self-supporting or until further order of the court.”
In 1998, the DOR filed a motion for contempt and notice of hearing, alleging that Collins owed an arrearage of $5,841.92 for public assistance paid to support the minor child. At the hearing on the contempt *1100 charge, the DOR explained that Arnold and Collins had begun cohabitating and that Arnold wanted the support order terminated. Arnold confirmed this information and also volunteered to repay the arrearage owed by Collins.
Thereafter, the trial court entered an order terminating child support, finding that Collins had made an oral motion for termination of child support. The trial.court also ordered Arnold to repay the arrearage of $1988. The DOR filed a motion for rehearing, which the trial court denied. On appeal, the DOR asserts that the trial court erred by considering modification of child support without notice and by ordering a custodial parent to repay an arrearage. We agree and reverse.
We conclude that the trial court improperly considered modification of child support at the hearing on contempt. It is well-settled that a trial court cannot enter judgment on a matter that is not litigated by the parties based on pleadings made prior to the hearing. See Cortina v. Cortina, 98 So.2d 334, 337 (Fla.1957); State Dep’t of Health & Rehabilitative Servs. v. Carter, 654 So.2d 267, 268 (Fla. 2d DCA 1995). In this case, there were no pleadings requesting modification of child support. Furthermore, the trial court incorrectly treated statements made by Arnold as an oral motion for modification of support by Collins. There are no statements by Arnold or Collins in the record that suggest the intention to make a motion for modification. Accordingly, we reverse the order terminating child support.
Similarly, the trial court improperly considered modification of the arrearage owed by Collins at the contempt hearing. See Department of Health & Rehabilitative Servs. v. Ward, 560 So.2d 1381, 1381 (Fla. 5th DCA 1990) (absent a motion for modification, a trial court cannot modify the manner of repayment of an arrearage at a hearing for contempt). Moreover, the DOR is correct that a trial court cannot order a custodial parent to repay an arrearage owed. See State Dep’t of Health & Rehabilitative Servs. v. D’Andrea, 542 So.2d 1369, 1370 (Fla. 2d DCA 1989); Sapp v. Daniels, 520 So.2d 641, 642 (Fla. 1st DCA 1988).
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., Concur.