THREADGILL, Acting Chief Judge.
The Florida Department of Revenue (DOR) and S.R.M., the natural mother of S.S.M., a minor child, sued M.C.W. to determine paternity and child support. DOR’s involvement arose from the State’s payment of public assistance money for the benefit of the child. See § 409.2561(2)(a), Fla. Stat. (1991). In its final judgment, the trial court determined that M.C.W. is the natural father of the child and ordered him to pay future child support. The trial court reserved jurisdiction as to retroactive child support owed to the mother. It denied DOR’s request for repayment of public assistance money paid on behalf of the child from the time of the child’s birth in March 1992 until July 1993, finding that the father had no knowledge of the child during that time period. DOR appeals the final judgment. Because the father had an obligation of support for the child from the date of birth, regardless of his lack of knowledge, we reverse.
There is no question that a child on public assistance at the time of birth has the need for child support from the putative father. See Coleman v. Mackey, 424 So.2d 170 (Fla. 3d DCA 1983). It is the public policy of this state that “children shall be maintained from the resources of their parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs.” § 409.2551, Fla. Stat. (1991). To that end, section 409.2561(1) provides that the payment of public assistance money for the benefit of any dependent child creates an obligation in an amount equal to the amount of public assistance paid. The issue in this case is whether the father’s lack of knowledge of the child at the time public assistance funds were paid relieves him of his reimbursement obligation.
*502 In Golden v. Lewis, 647 So.2d 979 (Fla. 2d DCA 1994), also an action for paternity and child support, this court determined that a natural father, who was unaware of his child’s birth until served with the paternity action sixteen years later, was liable for retroactive child support to the child’s mother. In that ease, the court was asked to consider, but ultimately rejected, the defense of laches. See 647 So.2d at 980. No such defense was raised in this case. In the absence of any affirmative defenses and upon proof of need and ability to pay, the mother in this case will be entitled to support from the father from the date of the child’s birth, even if the father was unaware of the child’s birth. See Golden. In turn, DOR, by operation of section 409.2561(2)(a), will be entitled to any support owed by the father to the mother, up to the amount of public assistance paid.
We therefore reverse the final judgment of paternity to the extent that it denies repayment of public assistance money paid from March 1992 through July 1993 and remand for further proceedings to determine the father’s ability to pay child support during that period. See State Dep’t of Health and Rehabilitative Serv. v. Spragg, 640 So.2d 148 (Fla. 2d DCA 1994).
Reversed; remanded.
PARKER and SALCINES, JJ., Concur.