416 So.2d 1271 (1982)
William E. LINGOLD and Patricia E. Lingold, Appellants,
v.
TRANSAMERICA INSURANCE COMPANY and Robert E. Howard, d/b/a Bob Howard Construction Company, Appellees.
No. 81-1264.
District Court of Appeal of Florida, Fifth District.
July 21, 1982.
*1272 Robert A. Cole and Rutledge R. Liles of Howell, Howell, Liles, Braddock & Milton, Jacksonville, for appellants.
Robert M. Sharp and W. Douglas Childs of Bullock, Sharp, Childs, Mickler & Cohen, P.A., Jacksonville, for appellees.
COWART, Judge.
This case involves the question of whether or not a general contractor is immune under the workers' compensation statute from suit against it by an injured employee of a subcontractor.
Appellee, as general contractor, contracted to build a residence for an owner and the contract included supplying and installing floor covering. The general contractor had a general agreement with a floor covering company to provide floor covering to fulfill the contract requirement. However, the contract provided a monetary allowance for the cost of the floor covering and the contractor permitted the owner and the floor covering company to deal directly so that the latter could provide floor covering to the owner's satisfaction, with the owner paying the floor covering company all costs over the contract allowance paid by the general contractor. Appellant, an employee of the floor covering company, was injured on the job, collected workers' compensation benefits from his employer then sued appellee, the general contractor, for negligently failing to provide a safe work place. The trial court entered summary judgment for the general contractor on the basis that it was an employer and immune under workers' compensation from suit by appellant. This appeal results.
If appellee was required to carry workers' compensation insurance on appellant, or see that it was carried, appellee is immune from suit by appellant; otherwise, appellee is not immune.[1]
Under Florida law applicable in this case,[2] an entity is required to provide workers' compensation when it is an "actual" employer[3] because it employs laborers under direct supervision and control or when it, as a contractor,[4] sublets[5] part of a contract obligation to others and thereby becomes *1273 a "statutory employer" of the subcontractor's employees.[6] In this latter instance, whether the subcontractor is an "independent contractor" or not is irrelevant.[7]
In this case, the original contract required appellee, as general contractor, to supply and install floor covering. Without regard to the question of whether the subcontractor was an "independent contractor" or was subject to the general contractor's direct supervision, and notwithstanding that the owner had some direct dealings with appellant's employer, the floor covering company, that entity was performing part of appellee's obligation under the main contract, therefore under section 440.10(1), Florida Statutes (1979), the floor covering company was a subcontractor to appellee and appellant was a statutory employee of appellee. Accordingly, workers' compensation was appellant's exclusive remedy. The summary judgment for appellee was proper and is hereby
AFFIRMED.
ORFINGER, C.J., and FRANK D. UPCHURCH, J., concur.
NOTES
[1] § 440.11(1), Fla. Stat. (1981); Conklin v. Cohen, 287 So.2d 56, 59 (Fla. 1973); Smith v. Ussery, 261 So.2d 164, 165 (Fla. 1972); Jones v. Florida Power Corp., 72 So.2d 285, 287 (Fla. 1954).
[2] § 440.10, Fla. Stat. (1979). That section was amended by chapter 80-236, section 2, Laws of Florida, effective July 1, 1980, but such amendment is not applicable in this case.
[3] See § 440.02(4), Fla. Stat. (1979).
[4] "A contractor is one under a contractual obligation to perform some work for another." Motchkavitz v. L.C. Boggs Indus., Inc., 407 So.2d 910 (Fla. 1981); State ex rel. Auchter Co. v. Luckie, 145 So.2d 239 (Fla. 1st DCA), cert. denied, 148 So.2d 278 (Fla. 1962).
[5] "To `sublet' means to `underlet', Webster's New International Dictionary; in the context in which it is here used, the effect of subletting is to pass on to another an obligation under a contract for which the person so `subletting' is primarily obligated." Jones v. Florida Power Corp., 72 So.2d at 289. This passage was quoted in Conklin v. Cohen, 287 So.2d at 59 (citing Jones v. Florida Power Corp. and Smith v. Ussery) and Smith v. Ussery, 261 So.2d at 165 (citing Jones v. Florida Power Corp.).
[6] See § 440.10(1), Fla. Stat. (1979).
[7] See, e.g., Motchkavitz v. L.C. Boggs Indus., Inc.; Miami Roofing & Sheet Metal Co. v. Kindt, 48 So.2d 840 (Fla. 1950).