510 So.2d 613 (1987)
Terrell REED and Dorothy Reed, Individually and F/U/B/O Florida Crane & Equipment Rental, Inc., Appellants,
v.
HENRY C. BECK COMPANY, a Delaware Corporation, Appellee.
No. 86-2970.
District Court of Appeal of Florida, Third District.
June 23, 1987.
Rehearing Denied August 19, 1987.
*614 Max P. Engel and Louis B. Stoskopf, Miami, for appellants.
Blackwell, Walker, Fascell, Hoehl and James E. Tribble and Anthony D. Dwyer, Miami, for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Under the workers' compensation statute, a general contractor is immune from suit by an injured employee of a subcontractor where the general contractor is required to carry workers' compensation insurance or to see to it that such insurance is carried. See Lingold v. Transamerica Ins. Co., 416 So.2d 1271 (Fla. 5th DCA 1982). The parties agree to this as a general rule. One of appellant's arguments in this appeal from a summary judgment is that, notwithstanding that a subcontractor was performing as such and did provide appellant with workers' compensation coverage for an on-the-job injury, appellant has a right to maintain a tort action against the general contractor because there was no requirement for the general contractor to provide such coverage under the peculiar circumstances of the case. It is contended that this case falls outside the general rule for employer immunity because the subcontractor providing workers' compensation benefits had not yet executed a written agreement with the general contractor to act as the subcontractor and to provide insurance. In our view the lack of a written subcontract agreement is immaterial.
Under Florida law the requirement to provide workers' compensation benefits is a matter of law  not contract. The duty arises where the business entity is an "actual" employer or where, as a contractor, it sublets part of its contract obligation to others and thereby becomes a "statutory employer" of the subcontractor's employees. Lingold, 416 So.2d at 1272-73. A written agreement is not necessary to establish a general contractor/subcontractor relationship. See Dodge v. William E. Arnold Co., 373 So.2d 98 (Fla. 1st DCA 1979). *615 The remaining points are without merit.
Affirmed.