WARNER, Judge.
This is an appeal of a final judgment in favor of appellees, Triple R Paving and Gencorp, Inc., in a negligence and products liability action filed against them. The claims on appeal are that the trial court erroneously admitted evidence regarding appellant’s worker’s compensation benefits, including the amount of benefits, which impermissibly prejudiced the jury, and that the verdict was contrary to the manifest weight of the evidence. The appellee, Triple R Paving, Inc. contends that even if the evidence was erroneously admitted, Triple R was the statutory employer of appellee *1052 and entitled to immunity under § 440.11, Florida Statutes (1983). Therefore, the verdict in its favor should be sustained.
We agree that the trial court erred in allowing into evidence the amount of the worker’s compensation benefits received by appellant. § 627.737(2), Fla.Stat. (1983); Clark v. Tampa Electric Company, 416 So.2d 475 (Fla. 2d DCA 1982). However, despite this error, we affirm the judgment because, as appellee Triple R points out, it was immune from liability based upon the exclusive coverage of the Worker’s Compensation Act.
The evidence showed that the appellant was involved in a truck accident in which a tire blowout caused the truck he was driving to flip. One of appellant’s claims was that the blowout was caused by improper tire mounting by a Triple R employee. At the time of the accident the appellant was employed by JS & G Asphalt Paving Company. JS & G was a sister corporation to appellee Triple R, being owned by the same person. Triple R and JS & G both performed road construction.
Triple R had contracted with Broward County to widen Copans Road. To perform this contract, Triple R had an arrangement whereby JS & G trucks and drivers performed portions of the road construction contract with Broward County. At the time of the injury, appellant was driving a JS & G truck, performing work on Triple R’s contract with Broward County. Triple R had secured a worker’s compensation policy which provided coverage both to its own employees and to JS & G’s employees. There is no question that plaintiff’s injury was in the scope of his employment and that he applied for and received benefits under the policy secured by Triple R.
In Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954), the supreme court held that immunity under the worker’s compensation act can only be claimed by those having a duty imposed by the act to provide coverage. The mere fact that Triple R paid the benefits under its worker’s compensation policy is not controlling. Gulfstream Land & Development Corp. v. Wilkerson, 420 So.2d 587 (Fla.1982). However, in this case, appellant, as an employee of JS & G, was performing part of the contract between Triple R and Broward County. As such, Triple R was the statutory employer of appellant and entitled to immunity. Lingold v. Transamerica Insurance Co., 416 So.2d 1271 (Fla. 5th DCA 1982). Thus, worker’s compensation was the exclusive remedy and rendered Triple R immune from suit.
Appellant, in replying to the immunity argument, contends that there was no contractual relationship between Triple R and JS & G on the day of the negligence, i.e., the mounting of the tire on its rim by a Triple R employee. However, that is not the date upon which the right of immunity must be determined. The liability of the employer under the worker’s compensation action is for injuries which arise out of and in the course of the employee’s employment. See § 440.09(1), Fla.Stat. (1987). Thus, it does not matter whether the negligent act occurred at a time prior to the employee’s employment so long as the resulting injuries arose out of and in the course and scope of that employment.
As to the claim against Gencorp, we also affirm. Gencorp was the tire manufacturer whom plaintiff sued alleging a manufacturing defect. At trial the jury found no negligence on the part of Gen-corp. Having reviewed the evidence, we cannot say that the verdict is contrary to the manifest weight of the evidence. There was competent substantial evidence upon which the jury could have relied in reaching its verdict. However, appellant has also contended that the error in admitting the prejudicial evidence of worker’s compensation payments so infected the trial that we should reverse as to Gencorp. Gencorp attempted throughout these proceedings to sever itself from the significant disputes regarding the immunity defense between appellant and Triple R. Prior to trial, Gencorp requested that the court and appellant consider severing the immunity issue and trying only the negligence issues first. If that request had been followed, then no evidence of worker’s compensation payments would have been admitted. For *1053 reasons unknown, appellant declined the suggestion.
We are thus presented with the question of whether a reversible error committed by one joint tortfeasor compels a new trial as to all joint tortfeasors. We have found no cases in Florida or other jurisdictions directly on point. However, one annotation suggests that the prevailing consideration is whether letting the verdict stand as to the non-erring tortfeasor will accord substantial justice to all parties, or will granting a new trial work a substantial injustice as to the tortfeasor who committed no reversible error. Annotation, Joint Tort-Feasors-New Trial As to One, 143 A.L.R. 7, 30 (1943). We have no trouble in determining that under the circumstances of this case it would work a substantial injustice to grant a new trial against Gencorp because of the admission of prejudicial evidence offered by Triple R when Gencorp studiously attempted to avoid the confusion and the potential of the very error committed and where the verdict in its favor is supported by substantial, competent evidence.
Affirmed.
HERSEY, C.J., and STONE, J., concur.