610 So.2d 111 (1992)
MATHEWS CORP., a Florida corporation, Appellant,
v.
Gary D. PETERS, Appellee.
No. 92-1714.
District Court of Appeal of Florida, Third District.
December 22, 1992.
Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., and Shelley H. Leinicke, Fort Lauderdale, for appellant.
Richard S. Rachlin, West Palm Beach, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
Mathews Corp., general contractor, appeals from a nonfinal order denying its motion for summary judgment on the ground that it was not entitled to workers' compensation immunity.[1] For the following reasons, we reverse.
Gary D. Peters was an employee of Sutter Roofing, subcontractor to Mathews Corporation, the general contractor. Sutter Roofing secured workers' compensation insurance for its employees, as required by its contract with Mathews. Peters was injured during the course and scope of his employment when he fell through an open skylight while working on a roof that was under construction. Peters collected workers' compensation benefits from his employer, Sutter Roofing, and also sued Mathews. His complaint against Mathews alleged that the skylight opening through which he fell was exposed and unprotected, and that by creating such a dangerous condition, Mathews violated safety standards and practices set forth in the South Florida Building Code and by the Occupational Safety and Health Administration. Peters further alleged that Mathews' conduct was "intentional and with reckless disregard to the Plaintiff" and that "[d]efendant knew that its conduct ... was substantially certain to result in injury as did occur to the plaintiff."
Mathews moved for summary judgment on the ground that it was immune from suit under the workers' compensation statute. The trial court denied the motion, and in doing so, erred.
The workers' compensation coverage carried by Sutter Roofing, the subcontractor, immunizes Mathews, the general contractor, from suit by Sutter's employee. See *112 Reed v. Henry C. Beck Co., 510 So.2d 613 (Fla. 3d DCA) (general contractor immune from suit by injured employee of subcontractor where general contractor required to carry workers' compensation insurance or to ensure that such insurance is carried), rev. denied, 518 So.2d 1277 (Fla. 1987). That immunity would not apply if Mathews had committed a deliberate tort against Peters by exhibiting "a deliberate intent to injure" or engaging "in conduct which is substantially certain to result in injury or death." Lawton v. Alpine Engineered Prod. Inc., 498 So.2d 879, 880 (Fla. 1986). See also Fisher v. Shenandoah Gen. Const. Co., 498 So.2d 882 (Fla. 1986). "This standard requires more than a strong probability of injury. It requires virtual certainty." Lawton, 498 So.2d at 880.
The facts alleged in this case and averred to in plaintiffs' affidavits filed in opposition to the motion for summary judgment do not rise to that level, as the safety violations allegedly committed by defendant do not amount to conduct so outrageous as to constitute an intentional tort. Compare Connelly v. Arrow Air, Inc., 568 So.2d 448, 451 (Fla. 3d DCA 1990) (where employer routinely overloaded and failed to maintain aircraft with known mechanical deficiencies, and withheld from employee information regarding defect or hazard that posed grave threat of injury, employer "will be considered to have acted in a `belief that harm is substantially certain to occur.'"), rev. denied, 581 So.2d 1307 (Fla. 1991), and Lawton, 498 So.2d 879 (where employer ignored manufacturer's warnings and failed to instruct employees of known danger of operating machinery, employer's conduct did not constitute intentional tort, although complaint may have alleged prima facie case of gross negligence).
Accordingly, we reverse the order denying Mathews' motion for summary judgment, and remand for further proceedings consistent with this opinion.
NOTES
[1] We have jurisdiction. See Mandico v. Taos Constr. Inc., 605 So.2d 850 (Fla. 1992) (amending Fla.R.App.P. 9.130(a)(3) to provide for review of nonfinal orders that determine that party is not entitled to workers' compensation immunity as a matter of law). We conclude that the order on appeal is the type of order envisioned by the supreme court.