PER CURIAM.
Claimant, Otis 0. Odom, appeals a non-final order denying certain discovery requests in a workers’ compensation case as overly broad and unreasonable in scope and representing an overwhelming economic and personnel burden on the alleged employer/self-insured. Review of such discovery orders in workers’ compensation cases is discretionary and will only be granted if the party seeking review demonstrates that the JCC’s order will result in irreparable harm and that there is no adequate remedy at law to rectify the harm. Fla.R.Work.Comp.P. 4.160(b)(5); Hines Electric v. McClure, 616 So.2d 132 (Fla. 1st DCA 1993). Under the circumstances of this case, we exercise our discretion to accept jurisdiction. We affirm in part and reverse in part.
Odom was injured when he was shot during a robbery while driving his cab. He leased the cab from Yellow Cab of Orlando d/b/a Yellow Cab of Winter Park. On the exterior of the leased cabs are advertisements for various businesses which contract with the cab company to display their advertisements.
Odom sought discovery of certain advertising contracts between the cab company and the businesses placing the advertisements, as well as leases with former cab drivers, to develop proof on the issues of (1) whether the presence of the advertisements on the leased cabs show a statutory employer relationship and (2) whether there was an employer/employee relationship as demonstrated by the exercise of control over the drivers who lease the cabs.
More specifically, Odom sought “[ejopies of any and all leases between all cab drivers for [Appellees], which leases have been terminated, dissolved, or cancelled within the last four years,” and “[c]opies of any and all contracts/agreements/arrangements between [Appellees] and Central Florida hotels, restaurants, nightclubs, entertainment facilities, public transportation facilities, and any other entities who advertise their businesses on [Appellees] cabs for the years 1990 through 1993.” Appellees objected to the discovery requests on the grounds that the records involved were voluminous and the requests amounted to a fishing expedition, and sought a protective order.
At the hearing, a company official testified that from 1982 to the present, the driver leases were filed alphabetically rather than chronologically, and were contained in some 82 boxes containing 60-100 files each, and that there could be as many as 3000 leases pertaining to the years in question, 1990-93. He also explained that 75% of the drivers just vacate the agreements and are never heard from again. He testified further that to search through the files to find leases terminated by the company would take 500 hours at five minutes per file or 1000 hours at ten minutes per file. He said that the advertising agreements, which were kept in a different location, were also filed alphabetically rather than chronologically, and there could be as many as 20 per year, or 80-100 for the period of time in question.
*639 In the course of the hearing, several suggestions were made for alternative avenues of discovery, such as deposing company officials with knowledge of the advertising agreements. At one point, Appellees were willing to stipulate that Yellow Cab Co. receives payment for placing advertisements on the cabs; however, Odom was not willing to accept either of these alternatives.
Having exercised our discretion to accept jurisdiction in this case, we affirm the JCC’s determination that the discovery sought was overly broad and unreasonable and would represent an overwhelming economic and personnel burden on Appellees which was not warranted given the claimant’s failure to demonstrate the unavailability of other less oppressive, burdensome, and costly means of discovery.
In paragraph four of the JCC’s order, he directs Appellees to provide a list of the names of ten taxicab drivers who had lease agreements with Appellees on the date of the alleged accident. The JCC further ordered that Odom select three names of drivers from that list to depose or call as witnesses at the hearing on the merits of this case. This limitation of Odom to deposing or calling only three of the ten named on the list is arbitrary and unreasonable. Therefore, we reverse and remand only as to that limiting provision of paragraph four of the order, with directions to permit Odom to depose or call as many of the ten taxicab drivers as he chooses.
AFFIRMED in part, REVERSED in part, and REMANDED.
ZEHMER, C.J., DAVIS, J., and SHIVERS, Senior Judge, concur.