COPE, Judge.
Pinnacle Construction, Inc., Dennis Connors, and Richard Connors appeal a non-final order denying workers’ compensation immunity. We reverse.
Appellee Pinnacle Construction, Inc. was the general contractor on a condominium project. Dennis Connors was a Pinnacle officer and Richard Connors was the site foreman.
The general contractor hired a subcontractor, Florida Plastering, Inc., to perform the plastering work on the condominium buildings. Plaintiff-appellee Dennis Alderman was a plasterer on the project.
The subcontractor, Florida Plastering, erected its own scaffolding around the condominium buildings. Plaintiff was on one of the scaffolds fourteen feet off the ground when he felt it lurch. He fell from the scaffold, broke his neck, and was rendered quadriplegic.[1]
Plaintiffs[2] brought suit, inter alia, against the general contractor.[3] Plaintiffs contended that the general contractor was guilty of intentional torts or the equivalent thereof, thus allowing plaintiffs to proceed against the general contractor notwithstanding workers’ compensation immunity. See generally Fisher v. Shenandoah General Constr. Co., 498 So.2d 882 (Fla.1986). The general contractor, Richard Connors, and Dennis Connors moved for summary judgment on the issue of workers’ compensation immunity. The trial court denied summary judgment and this appeal follows. See Fla.R.App.P. 9.130(a)(8)(C)(vi).
Given that this is a summary judgment proceeding, the factual record is construed in the light most favorable to plaintiffs as the nonmoving parties. Construed in that light, subcontractor Florida Plastering erected the scaffolding. When it did so, it did not comply with several Occupation Safety & Health Administration (OSHA) safety standards. There was no guardrail on the level where plaintiff was working. The scaffolding was not properly stabilized. Plaintiff asserts that on account of these conditions, the scaffolding was dangerous and should not have been used until the OSHA violations were corrected.
It is undisputed that erection of the scaffolding was the responsibility of the subcontractor, Florida Plastering. However, plaintiff contends that under OSHA standards, the general contractor also had a responsibility to assure compliance with safety regulations. Plaintiff argues that the general contractor should have inspected the scaffolding after it was assembled by the subcontractor. Plaintiff asserts that if such an inspection had occurred, then the general contractor would have detected the violations and would have had a responsibility to prevent the use of the scaffolding until the violations were corrected.
For present purposes we assume, but do not decide, that the general contractor had the obligations outlined by plaintiffs. Assuming that is so, it is the plaintiffs’ argument that the general contractor failed to detect the OSHA violations which had been created by the subcontractor, Florida Plas *1063 tering. In our view this is a claim which sounds in negligence, and does not rise to the level necessary to overcome workers’ compensation immunity.
In Fisher, the Florida Supreme Court stated:
\ In order for an employer’s actions to amount to an intentional tort, the employer ' must either exhibit a deliberate jntent to injure, or engage in conduct which is substantially certain to result in injury or death.... A strong probability is different from substantial certainty and cannot constitute intentional wrongdoing.... Such a strict reading is necessary because nearly every accident, injury, and sickness occurring in the workplace results from someone intentionally engaging in some ...triggering action.... In the words of Prosser,
[T]he mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent. The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton, but is not an intentional wrong.
498 So.2d at 883-84 (citations omitted). The record in this case simply does not satisfy the legal standard for overcoming workers’ compensation immunity. See id.; see also Lawton v. Alpine Engineered Products, Inc., 498 So.2d 879 (Fla.1986); General Motors Acceptance Corp. v. David, 632 So.2d 123 (Fla. 1st DCA 1994); Mathews Corp. v. Peters, 610 So.2d 111 (Fla. 3d DCA 1992). The individual defendants are entitled to workers’ compensation immunity on authority of Eller v. Shova, 630 So.2d 637 (Fla.1993).
The plaintiff relies on this court’s decision in Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), review denied, 581 So.2d 1307 (Fla.1991). Connelly involved an intentionally overloaded aircraft which was poorly maintained to boot. 568 So.2d at 449. The intentional tort claim was made against the entity which actively operated the aircraft. In the present case the general contractor did not create the OSHA violations in the first instance; the plaintiffs claim is that the general contractor should have found and corrected the subcontractor’s violations. The Fisher standard is not satisfied.
The order under review is reversed and the cause remanded with directions to enter judgment for Pinnacle Construction, Inc., Dennis Connors, and Richard Connors.

. The accident occurred in May, 1989.

. In addition to plaintiff Dennis Alderman, the other plaintiffs are his wife, Laurie Alderman, and their minor children.

.Plaintiff also sued the subcontractor and several other entities. The claim against the subcontractor has been settled.