PER CURIAM.
J.C. Concert Sound & Lighting and Garrett Sound & Lighting appeal from an order determining that they are not entitled to worker’s compensation immunity. We have jurisdiction pursuant to Fla.RApp.P. 9.130(a)(3)(C)(vi), and affirm.
J.C. arranged to provide the City of Boca Raton with a stage for a concert at Florida Atlantic University; the agreement between J.C. and the City of Boca Raton was not reduced to writing. By a separate oral agreement, the City hired Garrett Sound & Lighting to supply the sound system for the concert. Both J.C. and Garrett have the same president, Kenneth Watkivs. Backstage Productions provided the labor for assembling the stage; the agreement between J.C., Garrett, and Backstage also was oral.[1] *636 David Gold, an employee of Backstage Productions, was injured when a portion of the stage collapsed during construction. Gold sued J.C. and Garrett for negligence. Both companies asserted the affirmative defense of worker’s compensation immunity, and alleged that Gold had received worker’s compensation benefits from Backstage. J.C. and Garrett argued that Backstage was their subcontractor, and that they therefore shared Backstage’s immunity from suit. The trial court denied J.C. and Garret’s motion for summary judgment. We affirm, as genuine issues of material fact remain regarding the relationship between the parties.
The record does not make clear the terms of the agreement between the City of Boca Raton, J.C., and Garrett. J.C. and Garrett also failed to establish that they subcontracted a portion of that work to Backstage, or that Gold was performing the agreed-upon work when he was injured. Accordingly, J.C. and Garrett have thus far not proven their status as statutory employers of Gold, who was covered by worker’s compensation through Backstage, and that they therefore shared Backstage’s immunity from suit under section 440.11(1), Florida Statutes (1993). See, e.g., Motchkavitz v. L.C. Boggs Indus., Inc., 407 So.2d 910, 912 (Fla.1981) (“Where a contractor sublets part of his work to a subcontractor, the subcontractor’s employees are deemed employees of the contractor for purposes of the statutorily required coverage and liability.”), receded from on other grounds, Employers Ins. of Wausau v. Abernathy, 442 So.2d 953 (Fla.1983); Reed v. Henry C. Beck Co., 510 So.2d 613 (Fla. 3d DCA) (contractor that sublets part of contractual obligation to others becomes “statutory employer” of subcontractor’s employees, and shares worker’s compensation immunity), rev. denied, 518 So.2d 1277 (Fla.1987).
J.C. and Garrett may be able later in the proceedings to prove that they were Gold’s statutory employers. At this stage in the litigation, however, the trial court properly declined to accord them that status. We do not reach the remaining issues on appeal or cross-appeal.[2]
AFFIRMED.

. A written agreement is not necessary to establish a general contractor/subcontractor relation *636 ship. See Dodge v. William E. Arnold Co., 373 So.2d 98 (Fla. 1st DCA 1979).

. We note, however, on the cross-appeal, that given the state of the record, it would appear that amendment of the pleadings would not prejudice defendants.